CLAUS SCHLESSELMAN, APPELLEE, V. TRAVELERS INSURANCE
COMPANY, APPELLANT.

FILED OCTOBER 20, 1923.   No. 23555.

1. **Master and Servant.   COMPENSATION:   APPEALABLE JUDGMENT.**
A judgment entered by the district court, upon appeal and full
trial of a compensation case, to the effect that the plaintiff have
and recover a certain sum weekly until the further order of the
court, is appealable to the supreme court.

2. ———: ———: RIGHT TO FINAL DETERMINATION. In such a
case either party is entitled to a final determination of the char-
acter of the disability, the full amount to be recovered, and the
times at which this amount shall be paid; in other words, to
a complete disposition of the case.

APPEAL from the district court for Lancaster county:
WILLARD E. STEWART, JUDGE. *Reversed.*

*Hall, Cline & Williams,* for appellant.

*Charles S. Roe, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN,
DAY and GOOD, JJ., SHEPHERD, District Judge.

SHEPHERD, District Judge.

This is a compensation case.   The appellee, Claus Schles-
selman, was badly burned by scalding water, resulting in
serious injury to both legs and to his arms, breast and eyes.
He alleges that he suffered permanent partial disability.
It is conceded that he was injured in the course of his em-
ployment, and that the appellant was the insurance car-
rier.   The latter gave him many months of medical treat-
ment and compensation at the maximum of $15 a week
during the course of the same.   Upon conclusion of such
payments he applied to the commissioner, and the latter
awarded him 15 additional weeks, whereupon he appealed
to the district court.   After an extended trial there, in
which the doctors differed widely as to the permanency
and degree of his disability, the court entered judgment
as follows:

"The court finds that while engaged in the performance of his duties as an employee of the defendant's assured, on October 11, 1921, as a result of an accident arising out of and in the course of such employment, the plaintiff sustained an injury, which entitled him to compensation under the law; the court finds that defendant has paid plaintiff at $15 per week until May 3, 1923, that there is now due said plaintiff from the defendant the sum of $75, for which execution is hereby awarded, and the further sum of $15 per week from this date until further ordered by this court, payable weekly, and the costs of this proceeding, including $100 for attorney for plaintiff. To which defendant excepts.

"It is therefore considered, ordered and adjudged by the court that the said plaintiff and appellant Claus Schlesselman do have and recover of and from the said defendant and appellee Travelers Insurance Company the sum of seventy-five and no/100 ($75) dollars, for which execution is hereby awarded, and do have and recover the further sum of fifteen and no/100 ($15) dollars per week from this date until further ordered by this court, payable weekly, and the costs of this proceeding, taxed at $————, including $100 attorney fee for the plaintiff's attorney. To which defendant excepts."

The appellant asserts that appeal lies from this order, and that it is entitled to a full and final determination of this case. The entire court is of opinion that this order is appealable. Section 9128, Rev. St. 1922, provides that "an order affecting a substantial right made in a special proceeding" may be vacated, modified or reversed upon appeal. The proceeding in compensation cases is special. The law contemplates speedy joining of issue, speedy trial, and speedy appeal in these cases. Orders of the kind complained of would certainly result in great delay, and possibly in endless postponement of a final decision. It is evident from the record that the trial had proceeded to a full conclusion; all evidence having been received and the case having been finally submitted. By this order a substantial

right of the appellant was affected. It was entitled to a final determination in the district court. All of the authorities cited upon the question of appeal have been carefully examined, and, without lengthy discussion, it may be said that few of them are in opposition to the conclusion above reached.

The considerations hereinbefore expressed also lead us to conclude that the appellant was entitled to a judgment fully determining the character and extent of appellee's disability, the total amount to be awarded him as compen- sation, and the time of the payment. Appellee's brief contains no citation of authority to the contrary.

REVERSED AND REMANDED.