G. A. STEINHEIMER COMPANY, APPELLEE, V. JOHN PODKO-VICH, APPELLANT.

FILED MARCH 11, 1932. No. 28171.

*Brome, Thomas & McGuire* and *G. H. Seig,* for appellant.

*Lee & Bremers, contra.*

Heard before ROSE, GOOD and EBERLY, JJ., and BROADY and CHASE, District Judges.

CHASE, District Judge.

This is an appeal from a judgment of the district court in a case arising under the provisions of the workmen's compensation law. The trial court found that the total temporary disability which the employee had previously suffered had ceased, but ordered that the employee be placed for treatment under the care of Doctor Schrock for the purpose of determining whether permanent disability had resulted, and, if so, the extent thereof. The order required the doctor to report his findings within three months thereafter, and further ordered that, in the event such doctor decided an operation to be necessary, the payments for temporary disability be made at the rate of $15 a week during the time the operation may be complete. From this order the employee has appealed to this court.

A consideration of two propositions involved in this controversy will be sufficient for a complete determination

of the cause: First, will an appeal lie from an order of this character? Second, if so, did the trial court commit error in entering such an order? The appellee contends that the order made by the trial court is not appealable in that it is not a final order.

This court has held on numerous occasions that, generally speaking, only final orders are appealable, but a careful examination of section 20-1902, Comp. St. 1929, convinces us that the legislature intended to make an exception in cases of this character. This statute, among other things, provides as follows: "An order affecting a substantial right made in a special proceeding * * * is a 'final order' which may be vacated, modified, or reversed." Certainly the order under consideration here affects the substantial rights of the plaintiff.

The statute providing compensation for injured employees is a special one. The legislature therein undertakes to protect an injured employee and his family by awarding him compensation for injuries he sustains resulting from his employment. Unlike other actions for personal injuries, his rights are not based upon a tort or wrong,. but grow out of the contractual relationship of master and servant. Only a limited class can resort to it for redress. In this sense the statute is *sui generis*. It is intended to be complete in itself and, ordinarily, resort need not be had to any other general statute to insure to the injured workman compensation for injuries he may have sustained during the course of and growing out of his employment. It provides special rules of pleading. It is calculated to afford an early hearing of the cause and secure to the injured employee speedy and accurate justice. This statute is a special one and comes within the provisions of the section above quoted. It follows, therefore, that the order made is final in cases of this character and hence is appealable. This same general doctrine has been announced by this court in *Schlesselman v. Travelers Ins. Co.*, 111 Neb. 65.

On the question of whether or not the court committed

an error in rendering judgment such as it did, it will be necessary to set forth a brief summary of the evidence. It appears that the appellant, John Podkovich, for a number of years had been employed as a painter and interior decorator by the A. G. Steinheimer Company, and for the past eight years, as such, had been earning about 90 cents an hour; that on January 12, 1930, while employed by the appellee, he was painting the interior of a building. While standing on a scaffold about ten feet in height, the scaffold broke, precipitating him to the cement floor below, fracturing the os calcis of the right foot, which, in ordinary parlance, is the heel bone. There is no question that the injury arose out of and in the course of the appellant's employment. Several physicians were called to give testimony as to the nature, extent and effect of such injuries.

Doctor Fouts and Doctor McQuiddy, members of the medical advisory board of the labor commissioner's office, testified that the appellant had received a fracture of the os calcis; that the bone formation on both sides of the ankle joint was increased in size; that the effect of this injury would be an impairment of the normal flexion of the foot; and that in their opinion appellant had suffered at least 25 per cent. permanent partial disability.

Doctor Rich, an instructor of surgery of the University of Nebraska, testified that from an examination he made of the appellant he noticed a considerable enlargement of his right foot; that this condition caused the patient pain in walking; that an operation for stabilization of the ankle would be advisable, but such an operation would destroy the flexion of the ankle joint and the ankle would remain stiff thereafter, but it would remove any pain that might result from walking; that in his present condition, taking into consideration that he was a painter and required to climb ladders and work upon scaffolding, he was of the opinion that the patient had suffered 100 per cent. disability of the ankle.

Doctor Robert Schrock, orthopedic surgeon, was called

as a witness for the appellant. He testified that he had examined the injured limb on two different occasions, the last being in May, 1931, at which time he took X-ray pictures; that he noticed the lateral motion of the appellant's ankle was about one-quarter normal, and also noticed a slight crepitation or grinding when this action is performed, and he was of opinion that the patient was suffering from at least 25 per cent. loss of the foot. Doctor Duncan also testified that he was of the opinion the appellant had suffered a 25 per cent. permanent partial loss of the use of his foot.

It will be noted that the trial court found the appellant was not suffering from any temporary total disability at the time, but ordered him committed to the care of a physician in order to determine whether the appellant was suffering a permanent disability, and its degree. The order further provided that, if the doctor should decide the appellant was suffering a permanent disability, he be required to report thereon within three months from the date of the order. The order further provided that, if the doctor should decide upon an operation, payments for temporary disability be given in the amount of $15 a week during the time the operation may be complete.

Under this order the compensation which had previously been paid to the appellant had ceased and determined during the period that he was placed under the observation of the doctor, or until the doctor made a report. The order appears to be somewhat inconsistent. In one paragraph it finds that the appellant was suffering from no temporary total disability, and yet he is committed to the charge of a physician in order that the physician may determine whether permanent disability exists, and its degree. It will be noted that the court finds no temporary total disability to exist. Under this order, in the event the physician should find any disability existing, the effect would be to leave the appellant without compensation until the physician makes this finding. Further, the duty

to determine the disability of the appellant, whether temporary total, temporary partial, permanent total, or permanent partial is transferred from the court to the physician, after the court has, found that no temporary total disability existed.

We have a profound respect for the opinions of the learned trial judge, and have no hesitancy in stating that we believe his intention was to obtain results which he conceived to be for the best interests of the appellant. However, the question we are called upon to determine is whether or not appellant, as a matter of law, was entitled to a complete disposition of his case at the hands of the trial court. His rights, by the terms of the order, are certainly left in abeyance, as the compensation he was receiving has terminated, and no provision for other compensation was made or no finding that he is not entitled to any compensation, either temporary total, temporary partial, permanent total, or permanent partial. Such a finding as to one of these matters the appellant was entitled to receive at the hands of the trial court. An order should have been made, either finding the appellant was free from all disability, or finding the extent and nature of his disability and an award made therefor. A failure to do so constitutes error, for which the judgment is reversed and the cause remanded.

REVERSED.