JENNINGS JOHNSON, APPELLEE, V. DAVID COLE CREAMERY
COMPANY, APPELLANT.

FILED FEBRUARY 15, 1923. No. 22492.

1. **Master and Servant:** INJURY TO SERVANT: COMPENSATION. A
   claimant for compensation under section 3044, Comp. St. 1922,
   who through an injury has suffered a permanent partial loss of
   the use or function of both arms, is entitled to recover such pro-
   portion of the compensation allowed for total disability, under sub-
   division 1 of said section, as the extent of his loss would bear to
   the total loss of such members.

2. ———: ———: ———. Where the employers' liability law
   (Comp. St. 1922, secs. 3024-3084) fixes the amount of compensation,
   such compensation can be measured only in the manner directed
   by the statute.

APPEAL from the district court for Douglas county:
ARTHUR C. WAKELEY, JUDGE. *Remanded, with directions.*

*Kennedy, Holland, De Lacy & McLaughlin* and *Edward
J. Svoboda,* for appellant.

*Jamieson, O'Sullivan & Southard,* contra.

Heard before MORRISSEY, C. J., LETTON and ALDRICH,
JJ., RAPER and TROUP, District Judges.

RAPER, District Judge.

Appeal from award of compensation to a workman.
On September 15, 1920, plaintiff, age 23, in the course
of his employment by defendant, was severely burned
over the back and arms by a gasoline fire, as a result of
which he was confined to a hospital for five weeks and

was obliged to have the care of a physician selected by defendant. The defendant paid for medical attendance on plaintiff and his hospital bill an amount largely in excess of the amount required by statute. At the time of injury plaintiff was receiving $37.50 a week, as an automobile mechanic, and was unable to return to his work for six months, during which period plaintiff was paid his regular wages, $37.50 a week. Two weeks after his return to work his wages were reduced to $30 a week, which continued until in May, when he was discharged. On July 5, 1921, he began working as a tinner at $25 a week, in which occupation he has since continued to work. He testified that after his return to work he was unable to perform his duties as automobile mechanic and was given other work. After his discharge the defendant paid $15 a week to plaintiff until July 6, 1921, when the payments were discontinued, and plaintiff filed application before the compensation commission for award, where he was granted $9 a week for 300 weeks from the date of the injury, together with $7.20 each week for the remainder of his life. On the appeal in district court the trial judge found that plaintiff had sustained a permanent partial disability of both arms, to the extent of 37/80 and judgment was rendered awarding plaintiff $6.93 a week from July 6, 1921, for 271 weeks, and thereafter 37/80 of $12 a week, $5.55, for the remainder of his life. The sole controversy on this appeal is the amount awarded.

In the district court three physicians were called as witnesses, two for plaintiff and one for defendant, as to the extent of the disability of the plaintiff. One of plaintiff's witnesses, estimated permanent disability of the right arm to be 100 per cent., or total, and of the left arm to be 25 per cent. The other two physicians practically agree on 50 per cent. of disability for the right arm and 10 per cent. for the left arm. The trial judge also saw and examined plaintiff. The court thereupon computed the disability as follows: He gave to each

uninjured arm 100 per cent. efficiency, which makes 200 per cent. for both. Then he added the 100 per cent. for right arm and 25 per cent. for left arm disability as estimated by one physician, which gave 125/200 or 5/8 disability for both. He next took the 50 per cent. for right arm and 10 per cent. for left arm disability, or a total of 60/200 or 3/10 for both, as testified to by the other two medical men. The sum exactly between these two estimates gave the result he adopted as 37/80, permanent disability for both arms, and allowed plaintiff relief on that basis.

As to the testimony of the physician who estimated 100 per cent. total disability of the right arm and 25 per cent. of the left arm, it is apparently made on the supposition that plaintiff could no longer follow his occupation as automobile mechanic, and therefore, as to that occupation, he was totally disabled. This is not the correct theory upon which to interpret the statute as to what is permanent total disability. *Epsten v. Hancock-Epsten Co.,* 101 Neb. 442. The plaintiff's own testimony, as well as that of the medical men, shows conclusively that the only permanent injury to the right arm is caused by a keloid growth, and the skin and scar tissue under the arm have adhered so that it prevents raising the arm higher than the shoulder, with a somewhat restricted movement backward and in some positions toward the front; that is, the arm is bound down to the side by the adhesion. The arm itself is not injured. The fact that he performed various services for defendant when he resumed work, and has, since July 1921, been earning $25 a week as a tinner and engaged in roofing and cornice work, proves beyond question that plaintiff has very good use of his right arm, and that the doctor's conclusion of total disability is based upon a wrong theory. Under a study of the whole evidence, it is apparent that no finding is warranted of a permanent disability greater than 50 per cent. of the right arm and 10 per cent. in the left arm.

Indeed, it seems that such estimates are very liberal, and it is possible there may be some improvement in the future. The left arm has an adhesion which restricts the use of that arm, but in a much less degree than in the right. The finding of the trial court that there is a permanent partial loss of the use of both arms is confirmed, but only to the extent of 10 per cent. in the left and 50 per cent. in the right arm.

As to the method of computation for the compensation to be awarded, it was held by this court in *Frost v. United States Fidelity & Guaranty Co., ante,* p. 161, that in a permanent partial loss of the use of both legs the plaintiff was entitled to recover such proportion of the compensation allowed for total disability, under subdivision 1 of section 3044, Comp. St. 1922, as the extent of his loss would bear to the total loss of such members. Judge Flansburg correctly stated in the opinion that the literal interpretation of the statute is in accord with the legislative intent. The statute seems plain, and this court should follow its clear direction.

By a stipulation and arrangement between the parties, no claim is made for any penalty, and the plaintiff is not entitled to attorney's fees.

The cause is remanded, with directions to award plaintiff $4.50 a week for a period of 271 weeks from and after July 6, 1921, and after the expiration of said 271 weeks, and for the remainder of his life, he shall receive from the defendant the sum of $3.60 a week. The defendant, by an agreement between the parties, has been paying plaintiff $6.93 a week. The amount paid in excess of $4.50 a week shall apply on future payments. No penalty or attorney's fee is allowed. Costs of this appeal taxed to plaintiff.

REMANDED, WITH DIRECTIONS.