CLAUS SCHLESSELMAN, APPELLEE, V. TRAVELERS INSURANCE
COMPANY, APPELLANT.

FILED JUNE 24, 1924.   No. 23913.

1. **Master and Servant:** EMPLOYERS' LIABILITY ACT: COMPENSA-
TION. In a case arising under the employers' liability act, where
the trial court has found the employee to be permanently par-
tially injured in both of his legs, to the extent of 50 per cent. of
his ability to do ordinary labor, such employee should receive 50
per cent. of 66 2-3 per cent. of the weekly wage received at the
time of the injury, for a period of 300 weeks, and 50 per cent.
of 45 per cent. of such wage, each week thereafter, for the re-
mainder of his natural life, in accordance with subdivision 3,
sec. 3044. Comp. St. 1922, and subdivision 1 of the same section.
Such amount, however, shall not in either case be more than $15
a week nor less than $6.

2. **Construction Followed.** The interpretation of subdivision 3, sec.
3044, Comp. St. 1922, in conjunction with subdivision 1 of the
same section, as announced in *Frost v. United States Fidelity &
Guaranty Co.*, 109 Neb. 161, is followed and approved.

APPEAL from the district court for Lancaster county:
WILLARD E. STEWART, JUDGE. *Modified, and remanded,
with directions.*

*Hall, Cline & Williams,* for appellant.

*Charles S. Roe, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN,
DAY, GOOD and THOMPSON, JJ., and REDICK, District Judge.

THOMPSON, J.

We considered this case October 20, 1923, and remanded
the same with special instruction, reported in 111 Neb. 65,
to which we refer for statement of facts. For considera-
tion of the questions here presented, it is sufficient to say
that the injuries complained of are alleged to have been
caused by scalding water, burning different parts of the
plaintiff's body, especially the legs. On December 27, 1923,
on the evidence previously introduced and additional evi-
dence then received, the court found: "That the damaged
condition of the cuticle and tissues of substantial areas of

the plaintiff's left shoulder, arm, and leg, and practically all the right leg from below the ankle to the region of the knee, collectively impedes circulation of the blood, causing numbness in both feet, fatigue, and weakness of body generally, rendering plaintiff unable to perform ordinary labor.

"That from June 6, 1923, by reason of said accident, plaintiff was permanently partially disabled to the extent of one-half of his ability to do ordinary labor, and that he is entitled to recover for 32 weeks from said date compensation at the rate of $7.50 a week, aggregating $240; that the defendant, in addition to all prior amounts due, has paid plaintiff from the 6th day of June, 1923, the sum of $405, which is $165 more than is now due, and has thereby paid in full until the 29th day of May, 1924.

"That plaintiff is entitled to recover from and after said last-named date, to be paid weekly, the sum of $7.50 a week during the remainder of his life, and to recover his costs other than $14.40 taxed by the supreme court."

In addition to the presumption in favor of the finding of the trier of fact, the evidence amply sustains the judgment of the trial court, that the plaintiff has suffered a 50 per cent. permanent partial disability to his legs. In accordance with subdivision 3, sec. 3044, Comp. St. 1922, as construed in *Frost v. United States Fidelity & Guaranty Co.*, 109 Neb. 161, and *Johnson v. David Cole Creamery Co.*, 109 Neb. 707, plaintiff was entitled to recover such proportion of the compensation allowed for total disability under subdivision 1 of this section as the extent of his loss would bear to the total loss of such members. At the time of injury plaintiff's wage was $27 a week. Thus it will be seen that he should have been awarded 50 per cent. of 66 2-3 per cent. of $27, or $9 a week, for a period of 300 weeks, and 50 per cent. of 45 per cent. of $27, or $6.07½ a week, thereafter, for the remainder of his life.

Since plaintiff has not filed a cross-appeal, and the case cannot be tried here *de novo*, he must be content with the $7.50 a week, awarded by the trial court, for a period of 300 weeks from the date of the injury, and the sum of $6.07½ a week thereafter, during the remainder of his

natural life.    The Travelers Insurance Company should be credited with any and all amounts heretofore paid to Schlesselman.

It is therefore ordered that the judgment of the district court be modified to the extent of awarding plaintiff $6.07½ a week for the remainder of his life, from and after the expiration of the 300 weeks, in lieu of $7.50, and for that purpose the case is modified, and remanded, with directions.

MODIFIED, AND REMANDED, WITH DIRECTIONS.

Note—See Workmen's Compensation Act, p. 96, sec. 87.