HARRY L. ASHTON, APPELLEE, V. BLUE RIVER POWER COMPANY ET AL., APPELLANTS: IOWA-NEBRASKA LIGHT & POWER COMPANY, INTERVENER, APPELLANT.

FILED NOVEMBER 28, 1928. No. 26598.

*Thomas & Vail*, for appellants.

*T. L. Norval, H. L. Ashton* and *Frost & Kinsinger, contra.*

Heard before GOSS, C. J., THOMPSON and EBERLY, JJ., and REDICK and STALMASTER, District Judges.

EBERLY, J.

This is a proceeding under the workmen's compensation act. Ashton, as claimant, was awarded compensation for personal injuries against his former employer, the Blue River Power Company, and its successors in interest. An appeal to the district court for Seward county, Nebraska, was then prosecuted by the defendant companies which resulted in the confirmation of the award made. From this judgment, the defendants appeal to this court.

The following facts of the transaction involved may be deemed of importance. Ashton, an experienced electrician, was employed by the Blue River Power Company on February 1, 1923, at an agreed compensation of $200 a month. On September 21, 1923, his employer sent him to

Adams, Nebraska, to perform an emergency job—connecting up the company's high tension transmission line with the local distributing system. In the course of his employment, he received severe electric burns on his left hand and arm, and severe electric burns on the soles of both feet, in addition to the shock which accompanied these injuries. The hand and arm injuries resulted in the amputation of one arm six inches below the elbow. All medical testimony on the subject is in agreement that the injuries to both feet were properly classified as third degree burns —burns which extended deep into the tissues. The employer, through its officers, had actual notice of the accident and the injuries occasioned thereby on the day of its occurrence. Claimant was thereafter, during his convalescence, continually under the care and in charge of surgeons selected and employed and paid by the employer. The doctors appearing as witnesses at the trial also agreed that the impairment of each of appellee's feet, due to these injuries, will be permanent in nature and from 20 to 25 per cent. disabled.

Under the foregoing facts, that actual knowledge by the employer of the fact of the accident and of the general nature and extent of the injuries occasioned thereby was acquired substantially as of date of the occurrence cannot be gainsaid.

The first question presented in behalf of the appellants is that the trial court erred in failing to sustain their request for a stay of proceedings until it should be determined finally whether the Lancaster county district court "was right in assuming jurisdiction of a prior appeal to that court from the same award of the compensation commissioner." Appellants contend that an appeal from an award by the compensation commissioner is in the nature of a transitory action, and an action within the jurisdiction of any district court of this state; and if a petition on appeal be filed in such court and a general appearance made by the adverse party, jurisdiction will be acquired even though the county be other than the residence of the em-

ployer; that, therefore, when appellant on October 19, 1927, properly commenced his proceeding for review in the district court for Lancaster county, Nebraska, and caused the statutory summons or notice to issue thereon, which was thereafter properly served upon claimant, jurisdiction attached as of the date of the commencement of this action; that this jurisdiction was not divested by the fact that the appellants, being in doubt as to the proper forum, on October 20, 1927, commenced an identical proceeding for review in the district court for Seward county, Nebraska, and caused a proper summons to be issued and duly served on the claimant in Seward county, Nebraska, which, in turn, in the orderly course of proceeding, was followed by the filing of complainant's answer to the appellants' petition filed in the district court for Seward county, Nebraska.

It is to be remembered in this connection that both summonses, though issued respectively from Lancaster and Seward counties, were served on the claimant on the same day in Seward county, Nebraska.

It may be conceded for the purpose of this appeal that the record here discloses that, solely as the result of appellants' own acts, two cases on appeal were pending in the district courts of this state involving the same subject-matter and seeking the same relief. True, it may also be conceded that neither was intended by appellants to be vexatious, and that both were commenced in good faith solely out of abundance of caution.

This court is committed to the doctrine that "The pendency of a former suit between the same parties may be shown in abatement when a judgment in such suit would be a bar to a judgment in the second action." *State v. North Lincoln Street R. Co.,* 34 Neb. 634. It may further be conceded for the purpose of this appeal that this principle is applicable to the proceeding now before us. But, "The principle on which pleas of another action pending are sustained is that the law, which abhors a multiplicity of suits, will not permit a defendant to be harassed and

oppressed by two actions for the same cause where plaintiff has a complete remedy by one of them." 1 C. J. 45, sec. 38.

This court is committed to the doctrine that this right of abatement may be waived. *Gregory v. Kenyon,* 34 Neb. 640.

As this multiplicity of proceedings before us is solely the result of appellants' acts as moving party in prosecuting by appeal, they may be considered as possessing the status of a "plaintiff." Claimant is therefore the sole injured party. Within the reason of the rule, he only may invoke or waive it, and he has expressly waived its provisions so far as Seward county proceedings are concerned. Furthermore, the Lancaster county district court, in the proceeding had before it, while overruling the special appearance of claimant and his objections challenging the jurisdiction, concluded: "It is further suggested that this trial be continued until after the trial of the same action in Seward county, Nebraska." It follows that the contention that the district court for Seward county, Nebraska, erred in retaining jurisdiction of this cause and in determining the same upon its merits cannot be sustained.

Section 3061, Comp. St. 1922, is urged by appellants as a complete defense to claimant's action. Preliminary to the examination of this contention it is to be remembered that, after the occurrence of an accident of a compensable nature, our statute requires, (1) the employer or insurance company shall truthfully report the same to the compensation commissioner (this is wholly *ex parte* and is a matter in which the employee has no part) ; (2) the employee shall then, if he desires to secure the benefit of the statute, bring knowledge of his accident to the employer as soon as practicable and make claim for compensation within six months after the occurrence of the injuries; (3) thereupon either the employer or employee may file a petition with the compensation commissioner and have the matter of liability adjudicated.

In addition, our compensation statutes further provide:

"The interested parties shall have the right to settle all matters of compensation between themselves in accordance with the provisions of this article: Provided, that a copy of such settlement shall be filed with the compensation commissioner, and no such settlement shall be binding unless in accord with the provisions of this article." Comp. St. 1922, sec. 3059.

The provisions last quoted should be read in connection with the following provisions: "The commissioner of labor of the state is hereby made the compensation commissioner and there is hereby imposed upon him the duty of executing all of the provisions" of our compensation legislation and acts amendatory thereto. Comp. St. 1922, sec. 3076.

It is also expressly provided: "No agreement by an employee to waive his rights to compensation under this article shall be valid." Comp. St. 1922, sec. 3054.

"All settlements by agreement of the parties with the approval of the compensation commissioner and all awards of compensation made by the court, except those amounts payable periodically for six months or more, shall be final and not subject to readjustment: Provided, however, no settlement shall be final unless it be in conformity with the provisions of this article, a finding by the compensation commissioner, the district court or any appellate court." Comp. St. 1922, sec. 3064.

In respect to the provisions above quoted, the public has an interest in their due enforcement and observance which it is the duty of the court to protect, even without regard to the wishes of the parties. The act of which they form a part creates new remedies and new liabilities. The manner in which it operates is to be found within the legislation itself. *Perry v. Huffman Automobile Co.*, 104 Neb. 211.

There is no question that neither of the parties in interest instituted proceedings to secure an adjudication of the matters involved in the accident before the compensation commissioner, and there is no evidence of a valid agree-

ment of settlement between the parties that in any manner conformed to the requirements of the statutes above quoted either as to compensation for the loss of a hand or covering the other disabilities suffered at the time.

It may also be inferred from the evidence, in view of the terms of a report from the office of the department of labor, that a complete report as to the nature and extent of the accident, suffered by claimant, and the injuries resulting therefrom, had not been made by the employer to the office of the department of labor, as required thereby.

Under the circumstances detailed, the weekly payments of $15 a week, which had commenced shortly after the occurrence of the accident, were continued until the payment made in January, 1927, after which payments ceased and further payments were refused. Claimant commenced his proceeding before the compensation commissioner on August 2, 1927, to secure the statutory award. Appellants met this demand with the contention that the following language of section 3061, Comp. St. 1922, wholly barred claimant's proceeding thus commenced: "In case of personal injury, all claim for compensation shall be forever barred unless, within one year after the accident, the parties shall have agreed upon the compensation payable under this act, or unless, within one year after the accident, one of the parties shall have filed a petition as provided in section 3680 (3062) hereof. * * * Where, however, payments of compensation have been made in any case, said limitation shall not take effect until the expiration of one year from the time of the making of the last payment."

Is plaintiff barred, or is his right to compensation within the exception created by the statute?

The language quoted, in the exact form it appears above, also appears in the Pennsylvania legislation on this subject, and in construing the same the supreme court of that state said: "Does section 315 bar the claim? The latter part of this section reads: 'Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of one year from

the time of the making of the last payment.' This section was placed in the act to prevent imposition on unwary employees; that is, to prevent money being paid for a period of time after an injury under some verbal arrangement, causing the employee to neglect presenting the agreement in some form as provided by law. The year limitation, under the act, would begin to run from the last payment." *Chase v. Emery Mfg. Co.*, 271 Pa. St. 265.

But appellants contend that the payments of compensation were, in fact, appropriated to and limited for injuries occasioned by the loss of a hand exclusively, and insist that the appellee is seeking to recover for injuries for which no payments have ever been made, and, therefore, as to injuries to the feet the bar of the statute is applicable. The trouble is, however, that the district court evidently found to the contrary, and the evidence in the record supports that conclusion.

The evidence of the plaintiff is wholly uncontradicted that, shortly after his injuries and when the conditions of his feet and hand and arm were equally obvious, the secretary and general manager and assistant manager of his employer visited him in the hospital and told him "not to worry, but go home and try to get well, and he would be taken care of;" that the insurance carrier thereafter commenced the payment of $15 a week while he was in the hospital; that there was nothing of a restrictive character in or connected with the vouchers or remittances which in any manner advised claimant that payments being made were for hand injuries only; that the amount paid was the equivalent of the maximum weekly payment if all injuries received were considered; that no notice of any kind was ever given at or prior to the time any of these payments were made by appellants of any specific appropriation to injuries occasioned by the loss of a hand exclusively.

It is thought that various injuries received as a result of one accident, in view of the policy evidenced by the statute, cannot be separated, and that compensation under the statute must be awarded for the disabilities created

thereby as an entirety. *Nebraska Nat. Guard v. Morgan,* 112 Neb. 432.

If, however, it be conceded that, under the policy of our statute, the several injuries received by a claimant may be segregated and considered as separate and unconnected items of indebtedness to which a bar of a statute of limitations is sought to be applied, it would also follow that— "Where a debtor remits money to his creditor without a request or instruction on what particular debt to apply the same, the creditor may apply the money upon any debt of his debtor which he chooses." *Lenzen v. Miller,* 53 Neb. 137; *Lau v. Blomberg,* 3 Neb. (Unof.) 124.

Indeed, "The weight of authority holds that the debtor must direct the application of his payment at or before the time of payment and that he cannot do so afterward." 30 Cyc. 1230.

At common law the creditor was not compelled to exercise his right of application at the time the payment was made, and while there was some conflict of authorities as to how long that right exists, the record before us discloses that the application was seasonably made to the indebtedness as an entirety; also, that the payments made were not accompanied by any distinctive appropriation by appellants, but that they were continued three years without informing appellee in any way of the purpose to pay only for the loss of the hand. They did not notify appellee until long after the whole of the term in which appellee would have been required to file his petition, had no payments been made, had fully expired. The purpose of the statute was to prevent just such a situation, and it clearly applies to the instant case.

The appellants challenge the recovery allowed by the trial court as being excessive and as not warranted by the terms of our compensation act, properly construed. So far as facts are concerned, the trial court found that the claimant, in addition to the loss of a hand by amputation, had suffered a permanent im-

pairment of, at least, 20 per cent. to each foot, and also 10 per cent. general impairment to his health.

It is to be remembered that findings of fact made by the district court in a compensation case will not be reviewed on appeal unless clearly wrong. *McGuire v. Phelan-Shirley Co.,* 111 Neb. 609; *Miller v. Morris & Co.,* 101 Neb. 169; *City of Fremont v. Lea,* 115 Neb. 565.

The evidence in the record amply supports this determination of the trial court as to the extent and quality of the impairment suffered. On the basis of these facts so found, the district court adjudged that the complainant was entitled to compensation to the extent of "one-half of 100 per cent. total for hand plus 20 per cent. partial loss for feet, viz., 60 per cent. partial total disability, or 300 weeks at $15 a week, and $12 a week for the remainder of his life." This conclusion appellants challenge on the ground that the rule announced in *Frost v. United States Fidelity & Guaranty Co.,* 109 Neb. 161, is incorrect and erroneous and not justified by the terms of the statute construed. We have carefully reexamined this statute. Giving due consideration to the public policy involved, according to the language of the enactment, and to the full and complete meaning expressed by the terms employed, we are unable to accept the able and ingenuous arguments of counsel for appellants or agree with the conclusion for which they contend. We are impressed with the thought that the doctrine announced in *Frost v. United States Fidelity & Guaranty Co., supra,* is not only in accord with the literal terms employed by the legislators, but fairly expressive of the true legislative intent evidenced by this act. This case has been followed by this court in *Johnson v. David Cole Creamery Co.,* 109 Neb. 707; *Schlesselman v. Travelers Ins. Co.,* 112 Neb. 332; *Davis v. Lincoln County, ante,* p. 148. Three legislatures have convened and adjourned since the announcement of this rule without the adoption of any amendment to the controlling statute in this case.

Indeed, similar legislation in other jurisdictions has re-

ceived a similar construction. *Vishney v. Empire Steel & Iron Co.,* 87 N. J. Law, 481; *Orlando v. Ferguson & Son,* 90 N. J. Law, 553. We are therefore constrained to adhere to the rule thus heretofore announced by this court.

On the question of wilful negligence, insisted upon by the appellants, a careful consideration of the record confirms us in the belief that it is wholly unsupported by the evidence in the case. Conceding that appellee's negligence was contributory to the accident, it does not obtain the degree of wilful negligence. On this subject we are in full accord with the opinion of the trial judge who, in his written opinion, says: "It does not seem to me that a case of wilful negligence has been made out. Wilful negligence means a greater degree of negligence than mere negligence and a greater degree of negligence than gross negligence. I would hestitate to hold that the plaintiff was guilty of gross negligence, and I have no hesitancy at all in holding him not guilty of wilful negligence. My best judgment is that he was guilty of an error of judgment only. He was not guilty of a reckless indifference to his own safety. When he threw the switch, he believed that it was safe to do so. He was not willing to take a chance; he did not believe that he was taking a chance. His negligence was no greater in my opinion than that of the employee in *Farmers Grain & Supply Co. v. Blanchard,* 104 Neb. 637."

It follows that the action of the district court in its determination of the award of compensation to plaintiff is, in all things, sustained.

AFFIRMED.