OTIS W. RADFORD, APPELLEE, V. SMITH BROTHERS, INC., ET AL., APPELLANTS.

FILED MARCH 31, 1931. No. 28235.

*Brome, Thomas & McGuire* and *G. H. Seig,* for appellants.

*Vasey & Mattoon, contra.*

Heard before GOSS, C. J., DEAN, GOOD, DAY and PAINE, JJ., and LANDIS and RAPER, District Judges.

GOOD, J.

This action arises under the workmen's compensation law. Plaintiff, while employed by defendant Smith Brothers, Inc. (hereinafter called defendant), received injuries arising out of and in the course of his employment, for which he seeks compensation. He received his injuries in Gage county, Nebraska. The trial court found that plaintiff had a permanent partial disability, amounting to 85 per cent. of total disability, and awarded compensation on that basis. Defendants have appealed.

Defendants contend that the contract of employment was entered into in the state of Kansas; that the workmen's compensation law of that state, and not the law of Nebraska, governs, and for that reason the courts of Nebraska are without jurisdiction.

The evidence shows without substantial dispute that plaintiff entered into the employment of defendant in the state of Kansas and continued in such employment for some time, when he was discharged; that plaintiff then moved into the state of Nebraska and located at Steele City, in Jefferson county; that thereafter a new contract of employment was entered into between plaintiff and defendant, wherein plaintiff was to work as a night watchman in the laying of a pipe line by defendants, and that

at the time he took up his duties as night watchman under the second contract of employment he went to work in the state of Nebraska and continued to work in this state until he was injured. Under this state of facts, plaintiff selected the proper forum in which to bring his action. The workmen's compensation law of Nebraska governs. The trial court had jurisdiction of the parties and subject-matter.

It is next contended by defendants that the trial court erred in determining the degree of plaintiff's disability and the amount of compensation to which he was entitled. The evidence discloses that, as the result of an explosion while plaintiff was firing a large paint pot, he was severely burned on both legs and both hands, to such an extent that it is conceded he permanently lost the use of the left leg, and that the right leg is permanently injured to the extent of 25 per cent. of its function or use. It is conceded that there was a severe permanent injury to the left hand. Plaintiff's evidence tends to show that the percentage of loss of the left hand is 40 per cent., while some evidence on behalf of defendants places it at 25 per cent. Plaintiff's evidence tends to show that there is an impairment of the right hand to the extent of 5 or 10 per cent. and that it is a permanent disability, while the evidence of defendants is to the effect that the injury to the right hand is negligible. However, one of the physicians called by defendants, while saying that the injury was negligible, further stated on cross-examination that it was less than 10 per cent., and that where it was less than 10 per cent. it was considered negligible. The evidence sustains a finding that there is a permanent loss of use of the left leg; that there is a permanent loss of 25 per cent. of the function of the right leg; that there is a permanent loss of use of the left hand to the extent of 40 per cent. and of the right hand to the extent of 5 per cent.

It is contended by defendants that the proper method of estimating the loss under such circumstances should be to award compensation as for a permanent total disability of one leg, which would allow a recovery of $15

a week for only 225 weeks; that a 25 per cent. disability of the right leg would entitle plaintiff to $15 a week for 56 weeks, and that the same rule should be applied to the injury to the hand. Defendants contend that the amount of compensation should be determined by subdivision 3, sec. 48-121, Comp. St. 1929. They concede, however, that a different rule has heretofore been applied by this court, but insist that the rule which we have heretofore adopted is not the correct one.

In *Frost v. United States Fidelity & Guaranty Co.*, 109 Neb. 161, this court held: "Under the provisions of section 3044, Comp. St. 1922 (now section 48-121, Comp. St. 1929), *held,* that a claimant for compensation, who had sustained an injury to both legs, resulting in a total loss of the use of them for a period of two years, followed by a permanent partial loss of the use of them, was entitled to recover such proportion of the compensation allowed for total disability, under subdivision 1 of said section, as the extent of his loss would bear to the total loss of such members."

The rule above announced has been adhered to and followed in the cases of *Johnson v. David Cole Creamery Co.*, 109 Neb. 707, *Schlesselman v. Travelers Ins. Co.*, 112 Neb. 332, and *Ashton v. Blue River Power Co.*, 117 Neb. 661. In each of these cases the same contention was made that is now presented by defendants. In the *Ashton* case it was said (p. 670) : "We have carefully reexamined this statute. Giving due consideration to the public policy involved, according to the language of the enactment, and to the full and complete meaning expressed by the terms employed, we are unable to accept the able and ingenious arguments of counsel for appellants or agree with the conclusion for which they contend. We are impressed with the thought that the doctrine announced in *Frost v. United States Fidelity & Guaranty Co., supra,* is not only in accord with the literal terms employed by the legislators, but· fairly expressive of the true legislative intent evidenced by this act. This case has been followed by this court in *Johnson v. David Cole Creamery Co.*, 109 Neb. 707; *Schlesselman v.*

*Travelers Ins. Co.,* 112 Neb. 332; *Davis v. Lincoln County,* 117 Neb. 148. Three legislatures have convened and adjourned since the announcement of this rule without the adoption of any amendment to the controlling statute in this case." Since that opinion was adopted there have been two other sessions of the legislature, and, had not the interpretation placed upon the statute by this court represented the legislative intent, no doubt the statute would have been amended. We are content with the ruling formerly made and adhere thereto.

No error prejudicial to the defendants has been found. The judgment is

AFFIRMED.