## ELK CITY COTTON OIL CO. v. STATE INDUSTRIAL COMMISSION et al.

No. 28225.   Feb. 21, 1939.

Rehearing Denied March 28, 1939.

Moore & Royce and Rittenhouse, Webster & Rittenhouse, for petitioner.

Dan Nelson, Claud Briggs, John Morrison, and Mac Q. Williamson, Atty. Gen., for respondents.

OSBORN, J.   This is an original proceeding in this court brought by the Elk City Cotton Oil Company, hereinafter referred to as petitioner, to obtain a review of an award entered by the State Industrial Commission on September 29, 1937, in favor of J. M. Vinson, hereinafter referred to as respondent.

Petitioner challenges the sufficiency of the evidence to sustain the award.

The record shows that on January 23, 1930, respondent, while in the employ of petitioner, in a business defined as hazardous by the Workmen's Compensation Law, sustained an accidental injury when he accidentally poured hot cottonseed oil and meal into his shoes, resulting in burns to his feet. Medical attention and hospitalization were furnished to respondent, and on January 16, 1931, the case was closed as to temporary total disability. It appears that the burns did not heal and that infection developed at the situs of the injuries, resulting in permanent disability to both feet. The case was reopened and a further award made for continuing temporary total disability. On January 3, 1934, respondent moved for a determination of the extent of his permanent disability. On May 1, 1934, he was awarded compensation for 10 per cent. permanent partial loss of the use of his feet, and the award was paid. On September 4, 1935, respondent again applied to the commission to reopen the case on the ground that his condition had changed for the worse since the last prior order of the commission. Various hearings were had and considerable evidence was introduced, including the testimony of a number of medical men. The evidence disclosed the fact that respondent's feet had undergone a substantial physical change for the worse since the prior order of the commission, but there was a practical unanimity of opinion that the respondent had not suffered a change in his ability to perform work and labor since the date of the last award. The commission was first of the opinion that the evidence so offered was insufficient to support an additional award, and entered an order denying relief to respondent, but upon reconsideration vacated said order, heard further evidence, and entered a finding to the effect that respondent had undergone a change in his physical condition for the worse in that he had a 60 per cent. permanent partial loss of use of both feet, and made an award based upon a percentage of permanent total disability. The language of the commission in this connection is as follows:

"The commission is therefore of the opinion, upon consideration of the foregoing facts, that under subsection 3, section 13356, O. S. 1931, the claimant is entitled to compensation based on a permanent and total disability or 500 weeks and that the 60 per cent. permanent **total** (partial) disability to his left foot and 60 per cent. partial disability to his right foot is equivalent to 60 per cent. of a permanent and total disability, the same being when based on 500 weeks equivalent to 300 weeks and that claimant is entitled to compensation at the rate of $14.43 per week for a period of 300 weeks or the sum of $4,529, which is less the sum of $791.50 heretofore paid on account of 10 per cent. permanent partial disability as shown by order of the commission made herein on May 1, 1934, leaving a balance due and owing the claimant of $3,607.50 on account of his 60 per cent. partial disability due to said accidental injury; said compensation should be computed and payable from December 20, 1934, to this date, making a total sum of $2,082.73 due and owing claimant at this time."

It is now urged that the commission erred in computing the award upon the basis of permanent total disability, in view of the rule announced in the case of Porter v. Sinclair Prairie Oil Co., 169 Okla. 449, 37 P.2d 626, wherein it was said:

"An award of compensation for permanent partial disability of an injured workman must be made pursuant to the provisions of the third subdivision of section 13356, O. S. 1931.

"The first subdivision of section 13356, O. S. 1931, deals with permanent total disability and in the case of permanent partial disability, there is no provision of the statute for awarding compensation therefor, under the first subdivision of that section, as a percentage of the permanent total disability of the workman."

In that case the claimant had received an award for the total loss of use of a left arm, but he contended that he also had an injury to his right arm and to his back. The failure of the commission to make findings as to injuries to his right arm and back was treated as findings that there were no such injuries. This court found that there was competent evidence tending to support said findings, and by reason thereof claimant was not entitled to further compensation, since the award for the injury to the left arm was for total loss of use thereof. Such were the determinative and controlling features in that case. The comment of the court in construing section 13356, supra, was unnecessary to a decision in that case and outside of the determinative issues. Since the language relied upon constitutes obiter dictum, said authority is not controlling of the issues involved herein. The language used in the body of the opinion construing the provisions of section 13356, supra, which indicates a view contrary to the view herein expressed is hereby disapproved.

It appears that the above-quoted state-

ments from the case of Porter v. Sinclair Prairie Oil Co., supra, were made without giving due consideration to a number of authorities dealing with the manner of computation of an award for permanent partial loss of use of more than one specific member. In the case of Maryland Casualty Co. v. State Industrial Commission, 139 Okla. 302, 282 P. 293, this court was dealing with an award to an injured workman for compensation for loss of vision in both eyes. It was therein said:

"It is specifically provided by statute, as appears above, that in all cases involving a permanent and partial loss of the use of function of the members mentioned, the compensation shall be in such proportion to the amounts named in subdivision three as said loss bears to a total loss. For the total loss of one eye, the claimant, it is true, would have been entitled, under subdivision 3, to recover two-thirds of his weekly wages for 100 weeks; but, on the other hand, for the total loss of both eyes or of his total vision, he would, under subdivision 1, have been entitled to the same compensation as for total disability or for 500 weeks. Where he has a partial loss of both eyes, if the statute is to be liberally and broadly construed, and in compliance with the provisions of section 3559, supra (section 33, O. S. 1931), he would be entitled to three-fourths of what he would have recovered for the total loss of both eyes, or three-fourths of the compensation allowed for total disability under subdivision 1.

"It is not a mathematical problem as contended by petitioners. It is not to be solved by adding up the fractional parts, but upon the basis of percentage of total and permanent disability reasonably found to be produced by the injuries to both eyes considered collectively and with due regard to their cumulative effect."

Prior to the decision in the case of Porter v. Sinclair Prairie Oil Co., supra, there had not been a departure from the rule so announced for computing an award where there is a partial loss of use of more than one specific member. See American Tank Co. v. State Industrial Commission, 153 Okla. 117, 5 P.2d 137; Dolese Bros. Co. v. Roberts, 155 Okla. 198, 8 P.2d 756; Loffland Bros. Drilling Co. v. State Industrial Commission, 157 Okla. 78, 10 P.2d 1096; Barnsdall Refining Co. v. Ramsdell, 149 Okla. 99, 299 P. 499; Magnolia Pet. Co. v. Ary, 159 Okla. 73, 14 P.2d 385; Magnolia Pet. Co. v. Johns, 160 Okla. 221, 16 P.2d 858; Baker & Co. v. Morris, 176 Okla. 68, 54 P.2d 353; Olson Drilling Co. v. Williams, 181 Okla. 81, 72 P.2d 487.

It appears that the Workmen's Compensation Law of the state of Nebraska is in many respects similar to our own. Section 48-121, Comp. St. of Nebraska 1929, fixes the schedule of compensation for the various degrees of disability. Said statute provides, in part, as follows:

"* * * The loss of both hands, or both arms, or both feet, or both legs, or both eyes, or of any two thereof, shall constitute total and permanent disability and be compensated for according to the provisions of subdivision 1 of this section. * * * Permanent total loss of the use of a finger, hand, arm, foot, leg or eye shall be considered as the equivalent of the loss of such finger, hand, arm, foot, leg or eye. * * *"

This statute has been construed numerous times by the Supreme Court of Nebraska in cases involving injuries to more than one member of the body. In the case of Frost v. United States Fidelity & Guaranty Co. (Neb.) 190 N. W. 208, it was held:

"Under the provisions of section 3044, Comp. St. 1922 (sec. 48-121, Comp. St. 1929) held, that a claimant for compensation, who had sustained an injury to both legs. resulting in a total loss of the use of them for a period of two years, followed by a permanent partial loss of the use of them, was entitled to recover such proportion of the compensation allowed for total disability, under subdivision 1, of said section, as the extent of his loss would bear to the total loss of such members."

In the body of the opinion it is said:

"It is specifically provided by the statute, as appears above, that in all cases involving a permanent partial loss of the use or function of any of the members mentioned, the compensation shall be in such proportion to the amounts named in subdivision 3, as the loss of the use of the member bears to a total loss. For the total loss of one leg plaintiff, it is true, would have been entitled to recover, under subdivision 3, two-thirds of his daily wages for 215 weeks; but, on the other hand, for the total loss of his two legs, he would have been entitled to total disability under subdivision 1. Where he has a partial loss of two legs, if the statute is to be literally followed—and we see no ground, and counsel has attempted to point out none, which would make it appear that the literal interpretation of the statute is not in accord with the intention of the Legislature—he would be entitled to two-thirds of what he would have recovered for the total loss of two legs, or two-thirds of the compensation allowed for total disability, under subdivision 1. This is the construction the trial court has given to the statute, and the award made for the partial disability of the plaintiff for a period continuing from the date of the decree is based upon the proportion of the total award

which the partial loss of the use of the plaintiff's two legs would have borne to a total loss of them."

The same rule was followed in the case of Radford v. Smith Brothers, Inc., et al., 123 Neb. 13, 241 N. W. 753, wherein it was said:

"In Frost v. United States Fidelity & Guaranty Co., 109 Neb. 161, 190 N. W. 208, this court held: 'Under the provisions of section 3044, Comp. St. 1922 (now section 48-121, Comp. St. 1929), held, that a claimant for compensation, who had sustained an injury to both legs, resulting in a total loss of the use of them for a period of two years, followed by a permanent partial loss of the use of them, was entitled to recover such proportion of the compensation allowed for total disability, under subdivision 1 'of said section, as the extent of his loss would bear to the total loss of such members.'

"The rule above announced has been adhered to and followed in the cases of Johnson v. David Cole Creamery Co., 109 Neb. 707, 192 N. W. 127; Schlesselman v. Travelers' Ins. Co., 112 Neb. 332, 199 N. W. 498; and Ashton v. Blue River Power Co., 117 Neb. 661, 222 N. W. 42. In each of these cases the same contention was made that is now presented by defendants. In the Ashton Case it was said (page 670 of 117 Neb., 222 N. W. 42, 46): 'We have carefully re-examined this statute. Giving due consideration to the public policy involved, according to the language of the enactment, and to the full and complete meaning expressed by the terms employed, we are unable to accept the able and ingenuous arguments of counsel for appellants or agree with the conclusion for which they contend. We are impressed with the thought that the doctrine announced in Frost v. United States Fidelity & Guaranty Co., supra, is not only in accord with the literal terms employed by the legislators, but fairly expressive of the true legislative intent evidenced by this act. This case has been followed by this court in Johnson v. David Cole Creamery Co., 109 Neb. 707, 192 N. W. 127; Schlesselman v. Travelers' Ins. Co., 112 Neb. 332, 199 N. W. 498; Davis v. Lincoln County, 117 Neb. 148, 219 N. W. 899. Three Legislatures have convened and adjourned since the announcement of this rule without the adoption of any amendment to the controlling statute in this case.' Since that opinion was adopted there have been two other sessions of the Legislature, and, had not the interpretation placed upon the statute by this court represented the legislative intent, no doubt the statute would have been amended."

The above-quoted language of the Nebraska court is applicable to the situation prevailing in this jurisdiction.

In the instant case there was permanent partial disability to both feet. The award was computed on the basis of permanent total disability, or a percentage of 500 weeks. In this, no error was committed.

Where the injury sustained by a workman is to a specific member of his body, it is the loss or loss of use of such member which gives the employee a right to compensation; and such right exists irrespective of the effect the injury may have upon the ability of the employee to labor or perform work. Superior Smokeless Coal Mining Co. v. Bishop, 85 Okla. 204, 205 P. 497; Winona Oil Co. v. Smithson, 87 Okla. 226, 209 P. 398; Hazelton Coal Co. v. Industrial Commission, 141 Okla. 142, 284 P. 302; Swatek Const. Co. v. Williams, 177 Okla. 305, 58 P.2d 585. When an employee sustains an injury to a specific member and is awarded compensation for a partial loss or partial loss of use of such member, a change in condition for the worse in such member is sufficiently shown by an increased disability in such member. Proof of an increased disability to labor or perform work is not required, since the award of compensation in the first instance is not based upon a decreased earning capacity. A different situation prevails, however, in those cases where the award is based upon the decreased earning capacity of the employee. Such awards are for permanent partial disability under the "other cases" provision of section 13356, supra, and depend upon a decrease in wage-earning capacity of the employee in the first instance, and therefore an increase in the disability of the employee to labor and perform work must be shown in order to authorize an additional award. The cases cited by the petitioner involve situations wherein the awards were based upon the "other cases" provision of the statute, and therefore they are not applicable here.

Award sustained.

RILEY, CORN, HURST, and DAVISON, JJ., concur. BAYLESS, C. J., WELCH, V. C. J., and GIBSON and DANNER, JJ., dissent.