B. L. FALLIS, APPELLANT, v. W. E. VOGEL, APPELLEE.

290 N. W. 461

FILED FEBRUARY 23, 1940. No. 30842.

*Lloyd W. Kelly* and *B. J. Cunningham,* for appellant.

*William H. Carns* and *Hall, Cline & Williams, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

MESSMORE, J.

This is a proceeding under the workmen's compensation law. Plaintiff, a man 63 years of age, engaged in the occupation of a general painter for 38 years, while employed by the defendant, on September 21, 1936, in the painting of a ceiling, fell from a scaffold a distance of 14 feet onto some nail kegs, then to the cement floor, severely injuring him.

On April 20, 1938, plaintiff instituted suit in the Nebraska workmen's compensation court, setting forth his claim for disability. May 3, 1938, defendant answered,

alleging payment of compensation for total permanent disability for 67 weeks at $15 a week; alleged that the plaintiff's permanent disability consisted of 25 per cent. loss of the use of the left hand and 25 per cent. loss of the use of the left leg. November 7, 1938, an award was made by the judge who heard the compensation case, awarding compensation to the plaintiff in the sum of $15 a week for 300 weeks; $10 a week for the remainder of plaintiff's life, based on injuries to two members, sustaining 100 per cent. disability of the left leg and 100 per cent. disability of the left hand. Rehearing was waived by defendant in the compensation court, and an appeal taken to the district court for Hall county, where the case was heard *de novo*.

That the plaintiff was injured in the course of his employment and that his wages amounted to $31.20 a week is not in dispute. The plaintiff was paid $15 a week compensation for 67 weeks, totaling $1,005, and in addition thereto compensation in the sum of $5.20 a week for permanent partial disability for 68 weeks, and also $1,210.55 for necessary medical, surgical and hospital expenses.

The trial court fixed plaintiff's disability as permanent partial loss of the use of the left arm and permanent partial loss of the use of the left leg at 25 per cent.; found that such permanent partial disability was ascertainable from January 3, 1938; that plaintiff was entitled to compensation at the rate of $15 a week for temporary total disability for a period of 67 weeks, for which he had been paid, and in addition thereto the sum of $5.20 a week for the remaining 233 weeks, but not beyond 300 weeks, and that he had been paid such amount for 68 weeks; further found that after the 300-week period plaintiff was entitled to compensation in the sum of $3.51 a week for and during his lifetime, and, in addition, entered an order for the payment of all necessary medical, surgical and hospital expenses; found that any amounts paid by the defendant to the plaintiff are to be taken into consideration and credited to defendant. Without reference to the temporary total disability, as heretofore stated, the trial court, basing the

recovery due plaintiff and considering the permanent partial disability of two members as 25 per cent., figured 25 per cent. of 66 2/3 per cent. of the agreed weekly wage of the plaintiff ($31.20), amounting to $5.20 a week, and for the permanent partial disability of 25 per cent. for the loss of the use of two members, in figuring the plaintiff's compensation for life and after the 300-week period, as aforesaid, took 25 per cent. of 45 per cent. of the weekly wage of plaintiff ($31.20), amounting to $3.51. From this finding and judgment the plaintiff appealed.

Plaintiff's injuries consisted of severe shock, comminuted fracture of the left humerus near the shoulder, comminuted compound fracture of the lower left ulna and radius involving the joint, longitudinal fracture of the middle phalanx of the fourth finger on the left hand, fractures of the transverse processes of the third and fourth lumbar vertebræ, separation and slight displacement of the symphysis pubis, blood in the urine and injury to the kidney, laceration of the right heel, and bruises of the left scapula and coccyx. Plaintiff remained in the hosiptal for a period of 110 days, began to walk at time of leaving and has continued to walk.

The medical experts, with the possible exception of the attending physician, fixed the disability to plaintiff's left hand, the loss of use thereof, and the loss of use of the left leg at 25 per cent. and considered his ability to carry on his work as a painter. They agreed that he could not climb ladders, or work from scaffolding, or paint in corners, due to lack of muscular power in two fingers on his left hand which he cannot close. Dr. J. W. Martin estimated plaintiff's disability at 25 per cent., based on limitations of motion in the arm and leg, and testified that he also took into consideration plaintiff's ability to do useful labor. He examined him 12 different times between April 6, 1937, and April 21, 1939, and also examined X-rays taken by Dr. Johnson.

Dr. R. W. Fouts testified to the same degree of disability as the other medical experts. As to the ability of the plain-

tiff to carry on his work as a general painter, the doctor testified: "Oh, I think there is some of the work of a painter that he couldn't do at all even if he never had had an injury. I think there is some work of painting that he could do more than 75 per cent. of to take into consideration all of it; it would be around there somewhere I do know; it is an estimate, but certainly it is more than 50 per cent. as a painter doing general work, I believe." The attending physician testified that 25 per cent. would be the extent of the plaintiff's disability in his left hand and left leg, with the exception of carrying on his occupation, in which case his disability measured 100 per cent.

Several witnesses, contract painters acquainted with plaintiff's ability as a painter, testified that he was a good mechanic and knew his business; that they would hesitate to employ him because he was not physically sound and would be unable to climb ladders, work from a scaffold, or hold a paint pail in his left hand while painting with his right; further, that a painter uses his left hand from 20 to 40 per cent. of the time while painting, and that plaintiff would be unable to do this. It was also testified that he would be able to do some kinds of painting at reduced wages.

Plaintiff testified that as a result of the accident his left leg is weak; that he can walk about 10 blocks when his leg gives out; that he uses a cane in walking; otherwise he would fall; that for this reason he is unable to do the usual work of an outside painter. He testified that two fingers on his left hand cannot be closed by their own muscular power, but can be pushed and closed by his other hand or by some external force; that one finger is broken and cannot be moved or bent at all and is partially paralyzed. He made a complete recovery involving the fractures of the left upper extremities, and the two fractured vertebræ had healed perfectly, but there remain some persistent muscle atrophy and some associated weakness of the leg. The stiffness of which plaintiff complains is his inability to stoop and rise without the use of a cane and, as contributing to his general inability to perform his work as a painter,

was not caused, according to the expert medical testimony, by this accident, but was caused by generative hypertrophic osteo-arthritis of the spine, common to people of his age. The foregoing constitutes the substance of the evidence necessary to a determination of this case.

The section of the workmen's compensation law here involved is section 48-121, Comp. St. 1929, as amended by section 41, ch. 57, Laws 1935, and subdivisions 1 and 3 thereof.

This court in *Frost v. United States Fidelity & Guaranty Co.*, 109 Neb. 161, 166, 190 N. W. 208, in fixing compensation where two members were injured, resulting in a permanent partial disability to each member, said that it was specifically provided for by the statute (Comp. St. 1922, sec. 3044, now Comp. St. 1929, sec. 48-121), "that in all cases involving a *permanent* and *partial* loss of the use or function of any of the members mentioned the compensation shall be in such proportion to the amounts named in subdivision 3 as the loss of the use of the member bears to a total loss." This rule was followed in *Schlesselman v. Travelers Ins. Co.*, 112 Neb. 332, 199 N. W. 498; *Johnson v. David Cole Creamery Co.*, 109 Neb. 707, 192 N. W. 127; *Ashton v. Blue River Power Co.*, 117 Neb. 661, 222 N. W. 42; *Radford v. Smith Bros.*, 123 Neb. 13, 241 N. W. 753. In the *Ashton* case this court stated the reasoning in *Frost v. United States Fidelity & Guaranty Co., supra*, "is not only in accord with the literal terms employed by the legislators, but fairly expressive of the true legislative intent evidenced by this act."

In *Radford v. Smith Bros., supra*, the rule was again announced as in the preceding cases. That was a case involving disability to more than two members. The opinion analyzed section 48-121, Comp. St. 1929, subdivisions 1 and 3 thereof. Therefore, under the provisions of said section 48-121, a claimant for compensation, who has sustained an injury, for the loss of the use of the left hand and for the loss of the use of the left leg, is entitled to recover such proportion of the compensation allowed for total disability, under subdivision 1 of said section, as the extent of the

loss of the use of two members will bear to the total loss of such members.

The defendant contends that the bill of exceptions was not filed in time, and that the judgment of the district court must therefore be affirmed, because the pleadings are sufficient to support the judgment. That part of section 48-174, Comp. St. Supp. 1937, pertinent as referred to by the defendant follows: "Any appeal from the judgment of the district court shall be prosecuted in accordance with the general laws of the state regulating appeals in actions at law except that such appeal shall be perfected within thirty days from the entry of judgment by the district court."

The judgment in the instant case was entered in the district court for Hall county June 9, 1939; motion for a new trial was overruled September 22, 1939; the transcript for appeal was filed in the supreme court October 21, 1939; the bill of exceptions was filed in the supreme court November 16, 1939, 55 days from the date of the overruling of the motion for a new trial. Defendant states that to comply with section 48-174, Comp. St. Supp. 1937, the plaintiff was under obligation to perfect his appeal within 30 days from the entry of the judgment of the district court, or the overruling of the motion for a' new trial; that the bill of exceptions was, in fact, filed out of time and that it constituted an integral part of the proceedings necessary to perfect the appeal; citing *Scott v. Dohrse,* 130 Neb. 847, 266 N. W. 709, which holds chapter 57, Laws 1935 (the compensation law) to be a complete and independent act, and citing other cases of like holding.

When the transcript is filed in the supreme court, the appeal is perfected. There is no limitation on the filing of the bill of exceptions except under the general rule. Section 48-174, Comp. St. Supp. 1937, contains no specific provision as to the time for filing a bill of exceptions on appeal from the district court to the supreme court. Under such circumstances, this section of the statute contemplates the application of general laws with reference to bills of exceptions for the purpose of appeal from the district court

to the supreme court in compensation cases. Defendant's contention in this respect is not well taken.

For the reasons given in this opinion, the judgment of the district court is

AFFIRMED.