LEE (BILL) PAULSEN, APPELLEE, v. CITY OF LINCOLN,
NEBRASKA, APPELLANT.

57 N. W. 2d 666

Filed March 20, 1953. No. 33304.

*Cline, Williams, Wright & Johnson,* for appellant.

*Chambers, Holland & Groth,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE,
YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

This is an appeal from the affirmance by the district
court of an award in favor of appellee made under the
Workmen's Compensation Act by the Nebraska Work-
men's Compensation Court on rehearing of the case
by that court.

Appellee, an employee of the city of Lincoln, was in-
jured on November 10, 1949, by an explosion while as
a fireman he was attending a fire. The accident arose
out of and in the course of his employment. His hands,
arms, and head were severely burned. His injuries and
disabilities qualified him for benefits as provided by
the Workmen's Compensation Act. He was paid the
amount to which he was entitled during the period of
temporary total disability. It terminated on March 23,
1951.

The permanent partial disability of appellee result-
ing from the accident is to his hands and consists of a
60 percent loss of the use of his right hand, and a 20

percent loss of the use of his left hand, or a disability of 40 percent. The monthly wage of appellee at the time of the accident was the equivalent of a weekly wage of $46.73.

The only issue in this case is the manner of computing the compensation for permanent partial disability. This is provided by the Workmen's Compensation Act as it was at the time of the accident. § 48-121, R. S. Supp., 1949. The parts thereof pertinent to this case are:

"(1) For the first three hundred weeks of total disability, the compensation shall be sixty-six and two-thirds per cent of the wages received at the time of injury, but such compensation shall not be more than twenty-two dollars per week, nor less than eleven dollars per week * * *. After the first three hundred weeks of total disability, for the remainder of the life of the employee, he shall receive forty-five per cent of the wages received at the time of injury, but the compensation shall not be more than sixteen dollars per week nor less than eight dollars per week * * *.

"(3) For disability resulting from permanent injury of the following classes, the compensation shall be in addition to the amount paid for temporary disability; Provided, the compensation for temporary disability shall cease as soon as the extent of the permanent disability is ascertained * * *. The loss of both hands * * * shall constitute total and permanent disability and be compensated for according to the provisions of subdivision (1) of this section. * * * In all cases involving a permanent partial loss of the use or function of any of the members mentioned in this subdivision, the compensation shall bear such relation to the amounts named in said subdivision as the disabilities bear to those produced by the injuries named therein. * * *"

Appellant contends that the compensation payable to appellee for his 40 percent two-member disability must be computed by taking 40 percent of $22 for the balance

of 300 weeks from the date of the accident (the temporary total disability period was 70 weeks), and 40 percent of $16 for each week thereafter for the balance of his life. Appellant says in support of its position that the Workmen's Compensation Act does not require or contemplate that there shall be maintained a ratio between the wages received and the compensation payable for partial disability; that the wages of the employee and the statutory limits of maximum and minimum payments are applicable only in the computation of compensation benefits for total disability; that the compensation allowable for partial disability of a member must bear the same ratio to the compensation allowable for the total loss of the member as the partial disability bears to the total loss of the member; and that the compensation allowable is determined by applying the percentage of disability to the period over which compensation is payable and not to the wages of the employee.

The arguments and conclusion of appellant are not in harmony with the provisions of the statute or the prior decisions of this court. The benefits provided by the Workmen's Compensation Act are based upon the wages of the employee. The first subdivision of the section quoted from says the compensation shall be a percent "of the wages received at the time of injury." The second subdivision designates the compensation as a percent of the difference between "the wages received at the time of the injury" and the earning power of the employee thereafter. The third subdivision speaks of compensation as a percent of the "daily wages." The statute provides as appears above that in all cases involving a permanent and partial loss by an employee of the use or function of any of the members mentioned, the compensation shall be in such proportion to the amounts named in subdivision (3) as the loss of the use of the member bears to a total loss. The compensation for the total loss by an employee of one hand is

stated therein as two-thirds of the daily wages for 175 weeks but for the total loss of his two hands he is awarded compensation on the basis of total disability under subdivision (1). The partial loss of two hands by appellee entitles him to 40 percent of what he would have received for the total loss of his two hands, or in other words 40 percent of the compensation allowed for total disability under subdivision (1).

A claimant for compensation for an injury sustained on November 10, 1949, to both of his hands resulting in temporary total loss of the use of them and thereafter followed by permanent partial loss of the use of them is entitled to recover such proportion of the compensation allowed for total disability by subdivision (1) of section 48-121, R. S. Supp., 1949, as the extent of his loss would bear to the total loss of such members. Frost v. United States Fidelity & Guaranty Co., 109 Neb. 161, 190 N. W. 208; Radford v. Smith Bros., 123 Neb. 13, 241 N. W. 753; Fallis v. Vogel, 137 Neb. 598, 290 N. W. 461; Bronson v. City of Fremont, 143 Neb. 281, 9 N. W. 2d 218. The award of the compensation court on rehearing in favor of appellee and the affirmance thereof by the district court adopted and followed this interpretation of the statute.

The judgment of the district court should be and it is affirmed. Appellee should be and is allowed an attorney fee of $200 to be taxed as costs against appellant.

AFFIRMED.