LEE (BILL) PAULSEN, APPELLEE, V. CITY OF LINCOLN, NEBRASKA, APPELLANT.

58 N. W. 2d 336

Filed May 8, 1953. No. 33304.

*Cline, Williams, Wright & Johnson,* for appellant.

*Chambers, Holland & Groth,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

A motion for rehearing has been argued and sub-

mitted by appellant. It asserts that the opinion in this case finds that, the 40 percent disability of appellee should be applied to the compensation allowed for total disability by subdivision (1) of section 48-121, R. S. Supp., 1949, and appellant says that the compensation recoverable by appellee by virtue of his 40 percent two-member disability is 40 percent of $22 for the balance of 300 weeks from the date of the accident or for 230 weeks, temporary total disability having been 70 weeks, and 40 percent of $16 for the remainder of his life. The appellant from these considerations concludes that the opinion precisely supports the rule of law for which it is contending in this case.

The compensation award for total disability is 66⅔ percent of the wages received at the time of the injury for the first 300 weeks, and thereafter for the remainder of the life of the employee 45 percent of the wages, subject however, to the maximums and minimums stated in the law.

The claimant for compensation for a two-member injury resulting in temporary total loss of the use of the members followed by permanent partial loss of them is entitled to recover such proportion of the compensation allowed for total disability by the statute, and specifically by the provisions thereof quoted in the opinion, as the extent of his loss would bear to the total loss of the members. This means that the compensation for a two-member permanent partial disability is determined by applying the percentage of disability to the wage rate and then taking 66⅔ percent of that figure for the first 300 weeks, or the remaining part thereof if it has been preceded by temporary total disability, and 45 percent of that figure for the remainder of the life of the employee, subject to the condition that the maximum and minimum provisions of the act must be observed. This is what the opinion in this case says. This is the interpretation that has been given to, and the application that has been made of, subdivisions (1) and (3) of sec-

tion 48-121 of the Workmen's Compensation Act. Frost v. United States Fidelity & Guaranty Co., 109 Neb. 161, 190 N. W. 208; Schlesselman v. Travelers Ins. Co., 112 Neb. 332, 199 N. W. 498; Ashton v. Blue River Power Co., 117 Neb. 661, 222 N. W. 42; Radford v. Smith Bros., Inc., 123 Neb. 13, 241 N. W. 753; Fallis v. Vogel, 137 Neb. 598, 290 N. W. 461; Bronson v. City of Fremont, 143 Neb. 281, 9 N. W. 2d 218.

It follows therefore that the recovery of appellee for the permanent partial disability resulting from the injury of both his hands should be 66⅔ percent of 40 percent of his weekly wage of $46.73 or $12.46 a week for 230 weeks, the balance of the first 300 weeks after the accident, and 45 percent of 40 percent of his weekly wage or $8.41 a week for the remainder of his life. This interpretation and application was respected and followed by the compensation court on the rehearing of the case and by the judgment of affirmance of the award by the district court.

The correct rule for computing the compensation for permanent partial disability occasioned by a two-member injury is stated in Johnson v. David. Cole Creamery Co., 109 Neb. 707, 192 N. W. 127, but it was obviously departed from and violated in the computation and award made in the last paragraph of the opinion. Both arms of the employee seeking recovery in that case were injured. The resulting disability was 30 percent. The weekly wage was $37.50. The award as computed by this court was 30 percent of $15 or $4.50 a week for 271 weeks, the balance of the 300-week period, and 30 percent of $12 or $3.60 a week thereafter. It should have been two-thirds of 30 percent of the weekly wage or $7.50 a week for the first period and 45 percent of 30 percent of the wage or $5.06 a week for the balance of the life of the employee. That case is disapproved to the extent it departs from the interpretation given to the statute in the opinion and this supplemental opinion in this case.

The motion for rehearing should be and it is denied.

MOTION FOR REHEARING DENIED.