## J. B. BARNES DRILLING CO. et al. v. WEST et al.

No. 21098.   Opinion Filed Sept. 16, 1930.

Clayton B. Pierce, for petitioners.

Ledbetter, Stuart, Bell & Ledbetter (by H. L. Stuart), J. Berry King, Atty. Gen., and Robt. D. Crowe, Asst. Atty. Gen., for respondents.

CLARK, J.   This is an original action filed in this court to review an award of the State Industrial Commission, made and entered on the 15th day of January, 1930, wherein respondent C. L. West was claimant and J. B. Barnes Drilling Company and Maryland Casualty Company were respondents.

The award found that C. L. West sustained an accidental personal injury, arising out of and in the course of his employment with respondent J. B. Barnes Drilling Company, on February 4, 1929.   Said C. L. West was paid compensation by repondents at the rate of $18 per week to July 5, 1929.   That, at the time of the last hearing, to wit, September 4, 1929, claimant's disability, resulting from said aforementioned accidental injury, had not terminated; that claimant was, on said date, totally disabled from the performance of heavy manual labor; and, while it was recommended by physicians that claimant should be able to perform some light work, no wage-earning capacity was established.

Petitioners centend that the findings of the Industrial Commission that C. L. West was totally disabled were not supported by the evidence.   The findings do not support the order and award.   It was error to award claimant compensation for temporary total disability upon the theory that claimant was unable to perform heavy manual labor.

The finding of the Commission that "a wage earning capacity was established" is not supported by any evidence and is contrary to the evidence.

The errors alleged in the petition are presented under two heads in petitioners' brief, which will be considered together.   It is contended that there is no evidence supporting the finding of the Commission that respondent, claimant below, was totally disabled.   It is true that some of the witnesses testified that claimant was able to perform some light work.   However, the character and nature of the work was not pointed out by the witnesses.

Claimant testified that he tried to chop a little wood and could not do so by reason of his injury.   The finding of the Industrial Commission that claimant's disability resulting from said accidental injury had not terminated; that no wage earning capacity was established, is supported by evidence.

If the claimant was able to do some light work, it must be that character of work which carried with it some wage earning capacity.   If the claimant was unable to perform any work for which wages or salaries were paid, then, under the industrial law, he would be totally disabled.

The industrial law is based on the wage earning capacity of the employee.   His compensation is based on his earning capacity and computed by the same.   His wage earning capacity being destroyed, the claimant is totally disabled.

In the case at bar, the disability was found by the Commission to be temporary, and it is usually in the orders or the findings of the Commission designated temporary total disability.   If the claimant is so injured that his wage earning capacity is temporarily destroyed, and he has no wage earning capacity, it should be designated by the Industrial Commission as temporary total disability.   Several of the witnesses testified that the claimant was disabled and was unable to perform any labor.   We will not review the testimony of the witnesses other than to say that it is conflicting, and on all questions of fact, where there is any competent evidence reasonably tending to support the judgment and award of the Industrial Commission, the same will not be disturbed by this court on review.

The award of the State Industrial Commission is affirmed.

MASON, C. J., LESTER, V. C. J., and HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur.

RILEY and HUNT. JJ.. absent.

Note.—See under (1) anno. 30 A. L. R. 1277; 58 A. L. R. 1382; 28 R. C. L. p. 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Continuing Perm. Supp. 1211. See Workmen's Compensation Act, C. J. §83, p. 94, n. 93; §127, p. 122, n. 40.