## MAGNOLIA PETROLEUM CO. v. SPOON et al.

No. 22387. Opinion Filed Feb. 16, 1932.

B. B. Blakeney, Hubert Ambrister, and W. R. Wallace, for petitioner.

J. Berry King, Atty. Gen., Robt. D. Crowe, Asst. Atty. Gen., and O. S. Huser, for respondents.

McNEILL, J. This is an original proceeding to review an order and award of the State Industrial Commission, made on May 1, 1931, in favor of respondent W. M. Spoon.

Respondent was injured on March 7, 1930, while in the employment of petitioner, Magnolia Petroleum Company. While respondent was engaged in laying a pipe line, he was struck on the top of the head by a small piece of rock, which had been shot by a blast of dynamite at a distance of 127 steps, knocking him unconscious and causing him to fall backward across the pipe line. The attending physician's report describes the nature and extent of his injury as a "3-inch cut in top of head" and the treatment as "sutured wound. * * *" On June 12, 1930, respondent filed employee's first notice of injury and claim for compensation.

In its award the Commission made findings of fact as follows:

"(1) That the claimant herein on and prior to March 7, 1930, was in the employment of this respondent and engaged in a hazardous occupation within and covered by the Workmen's Compensation Law.

"(2) That arising out of and in the course of his employment with said respondent, claimant, on March 10, 1930, sustained an accidental personal injury to his head;

"(3) That claimant lost no time on account of said accidental injury until June 9, 1930, at which time he had to quit work as his condition had become worse on account of the aforementioned accidental injury; that claimant is still disabled and has been since said date of June 9, 1930, and that claimant is now totally and permanently disabled from the performance of ordinary manual labor.

"(4) That the claimant's wages, at the time of said accidental personal injury, were $137.50 per month."

Upon these findings of fact, the Commission awarded the respondent compensation for a total period of 500 weeks computed from June 9, 1930, for permanent and total disability.

Petitioner urges two propositions as follows:

"1. The State Industrial Commission erred in rendering judgment for the reason that there was no competent evidence supporting the finding of fact that the respondent had an accident, if any, in the course of his employment with the petitioner, and for the reason that the testimony showed that there was no permanent injury on account of the accident to the respondent.

"2. The State Industrial Commission erred in basing the calculation upon section 7290, paragraph 1, Compiled Oklahoma Statutes 1921, as amended by Session Laws of 1923, wherein the order was based upon permanent, total disability, for which compensation is provided, under the law, for a period of 500 weeks, and that the total amount of the award in this case should have been not to exceed 300 weeks for permanent partial disability of respondent, and that the State Industrial Commission erred when it found that the petitioner was due the respondent compensation for 500 weeks; that said finding should have been for 300 weeks for permanent partial disability. That said calculation is contrary to the law of the state of Oklahoma."

Counsel for petitioners argue against the findings of fact found by the Commission.

This court will not weigh conflicting evidence in an industrial case. It is not disputed that respondent while employed by the petitioner was struck on the head by a rock at the time of the dynamite explosion. As to whether the disability of respondent was due to such accident and as to whether the respondent is permanently and totally disabled by reason of the receiving of his injury arising out of and in the course of his employment, are questions upon which there is a sharp conflict in the testimony.

On behalf of the respondent, it was contended in substance that the blow on the top of the head caused a concussion or contusion at the base of the brain which had a direct connection with the spinal cord, resulting in a disorganization of respondent's nerves and muscles, and permanently disabling him from performing manual labor.

The respondent testified that the blow he received from the flying rock rendered him unconscious for a period of time, and that after recovering consciousness he was taken to the office of a physician, where his wound was dressed; that he returned to work after two or three days, but he was unable to perform his work in the usual way; that on March 7, 1930, he had another accident by which he lost part of one finger; that he was laid off and did did not go back to work until May 1st; that he worked most of the time up to May 26th, but during that time his head bothered him; that on that date he was laid off and was not thereafter employed by the petitioner. The petitioner presented the evidence of certain physicians who testified, in substance, that from their examination of respondent, they could find no pathology which connected his disability with the alleged accident, and gave their conclusions that his disability was not due to the accident of being struck on the head with a rock.

On behalf of respondent, certain physicians, experts on mental and nervous diseases, testified, in substance, basing their opinion on repeated examinations and observation of the respondent, and the history of the case, that it was their opinion that the respondent's present disability was due to the accident on March 7, 1930, and that, as a result thereof, the respondent was permanently and totally disabled from performing manual labor.

There is competent evidence to support the findings of the Commission that the disability of the respondent was due to an accidental personal injury sustained by being struck on the head with a rock, and

that such disability at the time of the rendition of the award was permanent and total, and the same is binding and conclusive upon this court. However, the Industrial Commission has jurisdiction to modify or discontinue the award at any time upon proof of change of condition. A further discussion of petitioner's contentions is unnecessary.

The award of the Commission is therefore affirmed.

LESTER, C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. CLARK, V. C. J., and CULLISON, J., absent.

Note.—See 28 R. C. L. 827; R. C. L. Perm. Supp. p. 6254.