## MAGNOLIA PETROLEUM CO. v. BROWN et al.

No. 23492. Opinion Filed Dec. 6, 1932.

Rehearing Denied Dec. 27, 1932.

B. B. Blakeney, Hubert Ambrister, and W. R. Wallace, for petitioner.

Claud Briggs and L. B. Kyle, for respondent Charles P. Brown.

CULLISON, J. This is an original proceeding in this court to review an award of the State Industrial Commission made on the 5th day of March, 1932, in favor of Charles P. Brown, claimant herein.

Said award, omitting the caption and order, reads as follows:

"(1) That on the 15th day of November, 1929, claimant sustained an accidental personal injury, arising out of and in the course of his employment with respondent, while engaged in a hazardous employment covered by and subject to the provisions of the Workmen's Compensation Law.

"(2) That as a result of said injury, claimant was temporarily totally disabled from the date of injury to January 1, 1930, on which date claimant returned to work for respondent at lighter work and so continued until August 17, 1930, when by reason of his condition due to the aforesaid injury, claimant was forced to discontinue work. has since said date. and is at the present time totally and permanently disabled.

"(3) That respondent had due notice of the accident and nature of the injury and

provided medical attention as provided by law.

"(4) That claimant has been paid compensation due from the date of injury at the rate of $18 per week, to September 10, 1931.

"The Commission is of the opinion: On consideration of the aforesaid facts, that claimant is entitled to compensation at the rate of $18 per week for a period not to exceed 500 weeks, less compensation paid to September 10, 1931, same being compensation for total permanent disability."

Petitioner contends that the foregoing award is contary to law, and that the State Industrial Commission erred in not finding respondent Charles P. Brown was permanently partially disabled instead of totally and permanently disabled. Petitioner further contends that there was no competent testimony on which the Commission could base its finding of total and permanent disability.

The contention of petitioner that the testimony was insufficient to support a finding by the Commission of permanent total disability, cannot be sustained by this court if there appears in the record any competent evidence reasonably tending to support said finding. The record discloses that c aimant was injured November 15, 1929, when struck on the head by the handle of a winch, which injury resulted in fracture of claimant's skull. At the hearings to determine extent of disability, skilled professional persons testified before the Commission. Dr. M. S. Gregory testified as follows:

"Q. Doctor, do you think he is now or will ever be able to engage in any gainful occupation? A. Not in the sense of labor. * * * Q. Then you don't think he is able to compete in the labor world? A. Not in industrial manual labor, I don't think he is. Q. Do you think that condition is permanent? A. Yes, I believe it is permanent after this length of time. * * * Q. You mean by that the man is permanently partially disabled? A. I mean **totally disabled** for industrial labor as I understand it."

Dr. Gregory, on being interrogated by the Commission, testified as follows:

"Q. Doctor, I suppose you would hardly be able to estimate, or would you, of the amount he could earn now, what would be a fair wage for him in anything he could do? A. As for earning any wages, your Honor, I don't think he can. Q. You see under our law the difference between a former wage-earning capacity and that now is the basis upon which we make our figures. A. I don't fully understand, of course, but as far as this man's going into gainful occupations, I don't believe. he can do it. Q. You don't think he has any earning ca-

pacity? A. Not any earning capacity as I understand it."

Dr. F. B. Erwin, after an extensive statement as to his findings in the case, testified, as follows:

"Q. Doctor, is it your opinion that this man is now able to perform ordinary manual labor? A. I think not. Q. Doctor, in your opinion, is this man—do you think he will ever be? A. I think that on account of the time that has elapsed since he sustained the injury to his head, he will not be. Q. Then, Doctor, it is your opinion that he is totally and permanently disabled from the performance of ordinary manual labor? A. It is. Q. Is it your opinion that it is a result of this injury, Doctor? A. Yes."

In view of this state of the record, the finding of fact by the Commission will not be disturbed by this court on review. The contention of petitioner that the award is contrary to law has been decided against petitioner in a similar case, Magnolia Petroleum Co. v. Spoon. 155 Okla. 125, 8 P. (2d) 61. and a further discussion of petitioner's contentions is unnecessary.

The award of the Commission is therefore affirmed.

RILEY, HEFNER, SWINDALL, ANDREWS. McNEILL. and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent.

Note.—See under (1) annotation in L. R. A. 1916A, 266; L. R. A. 1917D. 186; 28 R. C. L. 812, 828, 829; R. C. L. Perm Supp. p. 6254; R. C. L. Pocket Part, title "Workmen's Compensation," § 116.