## PORTER v. SINCLAIR PRAIRIE OIL CO. et al.

No. 25169.   Nov. 13, 1934.

Thos. J. Horsley and Hicks Epton, for petitioner.

Edward H. Chandler, Summers Hardy, C. L. Canfield, and Alexander Johnston, for respondent, Sinclair Prairie Oil Company.

WELCH, J. This is an original action to review an order and award of the State Industrial Commission. The claimant, H. O. Porter, is petitioner, and his employer, Sinclair Prairie Oil Company, a corporation, and the State Industrial Commission are respondents.

Claimant was injured on February 9, 1932. He was a regular employee, and was engaged in cleaning up an engine. He was wiping the cement engine base when the gears of an oil pump caught his left shirt sleeve and drew his left arm into the gears, severely lacerating the left forearm and injuring the bone. It was necessary to remove a portion of one of the bones of the forearm, the other bone, however, remaining intact. The claimant received hospital treatment and was paid for the period of temporary total disability; and about eight months after the accident, his injury having healed as much as was expected, he sought determination of his permanent disability.

In addition to the foregoing facts as to his injury, the workman claimed and testified that his back also was injured in the accident, and that he had a pre-existing partial loss of the use of his right arm resulting from a fall from a horse when he was a child. There was contradictory evidence as to the details on these points, in that a medical examination when he entered this employment showed his physical condition to be "a-number one," indicating no material impairment of the right arm from pre-existing injury, and medical expert testimony of examinations since this accidental injury which disclosed no impairment or injury to the back. As to the injured left arm, the claimant stated that he had some use of the left arm, and that the arm was getting better all of the time, and that the left hand was improving, but there was ample medical expert testimony showing that for all practical purposes there was a total loss of use of the left arm. That was the conclusion reached by the Industrial Commission, and that is final, since the employer did not appeal or seek a review of the award.

At the conclusion of the hearing the Industrial Commission found that the claimant had sustained a total loss of use of his left arm, and awarded compensation therefor at $18 per week for 250 weeks, under subdivision 3 of section 13356, O. S. 1931.

The order and award of the Commission made the findings of fact necessary to sustain the award, but made no specific finding as to the claim of injury to the back, or pre-existing injury to or impairment of the right arm. The parties in their briefs treat the order as equivalent to a finding that there existed no permanent injury to or impairment of the right arm or back.

The claimant brings this action for re-

view and seeks an increased award. The award is for the maximum amount that could have been awarded for the specific injury, that is, the total loss of use of the left arm. But the claimant contends that he was and is totally permanently disabled and should have been awarded compensation for 500 weeks under subdivision 1 of section 13356, supra, or that his aggregate injury and impairment should have been determined upon a percentage basis and that he should have been awarded compensation upon the basis of a proper percentage of total permanent disability.

The injury and impairment found by the Commission to exist, being the total loss of use of the left arm, was a permanent partial disability specifically provided for by statute, and the maximum amount was awarded therefor. If the claimant's injury resulted in a permanent partial disability not specifically provided for, then an award therefor might have been proper under the "other cases" provision of subdivision three of section 13356, supra, or if the injury to the workman did in fact result in permanent total disability, the claimant might have been awarded compensation therefor under subdivision 1 of the section. But for this workman's injury there is no provision of the statute for awarding compensation as and for a percentage of permanent total disability. If an accidental injury results in some permanent disability or impairment which is only a percentage or part of total disability of the man, then it is at once apparent that such resulting disability is not permanent total disability, but is permanent partial disability and compensable under some provision of subdivision 3 of the section. That subdivision deals only with permanent partial disabilities, but it does so at length, and makes provision for compensation for every kind or character of permanent partial disability. Of course, every injury and resulting disability which is permanent in character is either permanent total disability, or, if less than total, then it is permanent partial disability.

The Legislature, by separate provisions of the law provided fully for permanent total disability in subdivision 1 of section 13356, supra, while providing fully for permanent partial disability in the several paragraphs of subdivision 3 of the section.

It is clear from the statute that the Legislature never intended that any permanent partial disability should be calculated upon the basis of its percentage relation to permanent total disability and compensation awarded therefor upon that percentage basis as applied to the authorized compensation for permanent total disability. Had that been the legislative intent and plan, then each and every injury and disability, permanent in character, but less than permanent total disability of the injured workman, might be dealt with upon the basis of its proper percentage of permanent total disability, and we would have no need for any of the legislation specifically dealing with permanent partial disability.

The claimant cites no authority justifying his contention in this case for an award based upon a percentage of permanent total disability. The injury here was painful and serious, and the resulting impairment to the left arm was permanent, yet the man was not thereby permanently totally incapacitated. There is no evidence in the record to justify the conclusion that he is now totally disabled. His injury and disability is permanent in character, but it is only a partial disability of the man as distinguished from a total disability.

The Commission was thoroughly justified in concluding that claimant's only compensable injury was to the injured left arm. The Commission was also thoroughly justified in its conclusion that the claimant sustained a total loss of use of his left arm, and the award being for the exact amount provided for such injury and impairment, the claimant shows no right to any increased award.

However seriously a workman may be injured, and whatever physical impairment may result, his right to an award is specified and limited by the Workmen's Compensation Law. When his condition has been considered, and an award made for the maximum allowed by that law for that injury, then neither the Commission nor this court has any authority to increase that award, for that law is binding upon the Industrial Commission and this court, as well as upon workmen and their employers.

The claimant's request for a special calculation of his disability, and for the application of his view of the law thereto, so as to result in an increased award, were urgently argued, but such request was properly denied by the Commission for the reasons heretofore stated.

This court has consistently held that the findings and award made by the Commission, if supported by competent evidence, and within the provisions of the Workmen's Compensation Law, will not be disturbed. No general review is necessary of the many decisions following that well-settled rule. See Hazel Atlas Glass Co. v. Pendergrass, 152 Okla. 271, 4 P. (2d) 96; Patrick & Tillman

Drilling Co. v. Gentry, 156 Okla. 142, 9 P. (2d) 921.

The award is affirmed.

RILEY, C. J., and SWINDALL, McNEILL, OSBORN, BAYLESS, and BUSBY, JJ., concur. CULLISON, V. C. J., and ANDREWS, J., absent.