## BOARD OF COM'RS OF OKLAHOMA COUNTY v. STATE INDUSTRIAL COMMISSION et al.

No. 28630.   Dec. 13, 1938.

Lewis R. Morris, Co. Atty., and E. W. Brown and B. C. Logsdon. Asst. Co. Attys., for petitioner.

Melville F. Boddie and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. Recie Coffman filed a claim against the board of county commissioners of Oklahoma county on the 29th day of March, 1932, stating that on the 16th day of May, 1931, he sustained an accidental injury while working on the highway when a heavy timber which the said Recie Coffman was hauling fell off of a truck causing a back injury to the said employee.

On July 7, 1932, an award for $8 per week under the "other cases" provision of section 13356, O. S. 1931 (85 Okla. St. Ann. sec. 22), was entered, and on June 1, 1933, Recie Coffman and the board of county commissioners entered into an agreement on Form 14 settling this claim in a lump sum, and Recie Coffman has been paid all of the permanent disability award, so that, as the statement discloses, Recie Coffman could buy a small place on which he could live. On February 21, 1935, an application was filed

to reopen the case, and on February 26, 1935, the application was denied. On January 10, 1938, a motion to reopen and award further compensation on the ground of a change of condition was filed, and after hearing thereon the State Industrial Commission entered an award for total permanent disability under date of April 21, 1938.

The parties will be referred to as they appear in the Supreme Court.

We shall first dispose of all of the questions touching the nature of the award and the calculations thereof, which are presented in four propositions in the brief of the petitioners. They are, briefly, that it is apparent that the award was computed improperly under the first full paragraph of section 2 of chapter 29, S. L. 1933, instead of the "other cases" provision of section 13356, O. S. 1931. Second, that there was no competent evidence showing or tending to show the difference in the average weekly wages at the time of the accident and the earning capacity of claimant in some other employment since the date of the accident as required to be shown by the "other cases" provision of section 13356, supra, and therefore the commission's award is erroneous as a matter of law. This question will also be discussed after these four propositions in relation to other matters. Also that the commission erred as a matter of law in proceeding under the provisions of section 2, chap. 29, S. L. 1933, after the same had been declared by this court to be unconstitutional in so far as said act purports to change the provisions of subdivision 1 and the "other cases" provision of section 13356, supra.

The order of the commission thereon is as follows:

"Upon consideration of the foregoing facts, the commission is of the opinion that the claimant is entitled to the sum of $4,708, less the sum of $2,400 heretofore paid as compensation for permanent partial disability and decreased wage-earning capacity or the sum of $2,308 by reason of his total permanent disability."

Actual calculation is that the respondent is entitled to $2,308. The basis of the compensation is $4 per day, or the average daily wage, and the rate as found and applied is $11.54 per week. It therefore appears that this is a payment of 200 weeks at $11.54 per week. As pointed out by the respondent, the amendment of section 13356, O. S. 1931 (85 Okla. St. Ann. sec. 22), is not involved, because the accident occurred before the effective date thereof. Caswell v. Bird, 160 Okla. 224, 16 P.2d 859; United Iron Works

v. Smethers, 159 Okla. 105, 14 P.2d 380. The award is properly made. Since he had received the minimum $8 per week for 300 weeks, he thereupon became entitled to an additional 200 weeks as hereinafter discussed.

It is next urged that the commutation to a lump sum is contrary to law and contrary to Cornhuskers Theatres, Inc., v. Foster, 181 Okla. 341, 74 P.2d 109, and Murch Bros. Const. Co. v. Cupp, 177 Okla. 102, 57 P.2d 852. As pointed out therein and discussed at length, this is not an award under subdivision 3 of section 13356, supra, "other cases" provision, but is an award under subdivision 1 of section 13356, supra, for permanent total disability, and the restrictions contained in those authorities are not applicable.

Finally it is urged that there is no competent evidence of a change of condition and no competent evidence of permanent total disability.

There is but one section that deals with awards for permanent total disability; that is subdivision 1. Porter v. Sinclair Prairie Oil Co., 169 Okla. 449, 37 P.2d 626. When the evidence discloses that the employee has become totally and permanently disabled, he is entitled to an award under subdivision 1, and this is true whether the total or permanent disability is occasioned in the first instance or the first award or whether it arises upon a change in physical condition. Subdivision 1 says nothing about the difference in wage-earning capacity. If the injured employee is totally and permanently disabled, he has no wage-earning capacity, and it should make no difference whether the total permanent disability arises originally or on a change of condition, the employee is entitled to an award for total permanent disability when the record shows by competent evidence that he is so totally and permanently disabled. J. B. Barnes Drilling Co. v. West, 145 Okla. 65, 291 P. 531. This rule is limited by the rule announced by this court in Oklahoma Gas & Electric Co. v. Hardy, 179 Okla. 624, 67 P.2d 445, and cases therein cited, to the effect that where the record shows by uncontradicted evidence that the injured employee is able to earn and is earning wages without physical danger to himself and without pain and suffering, as a matter of law he cannot be totally and permanently disabled. In the case at bar there is no showing by the record that respondent has earned any wages or was able to make any money by manual or mechanical labor since the date of the accident, and therefore the record does not show that he is earning or is capable of

earning, without physical danger to himself or without pain and suffering, any wages at mechanical or manual labor.

We shall now return to the question of whether or not the record shows by competent evidence that the respondent is totally and permanently disabled.

The testimony of the respondent can be disposed of by his statement that at no time since the injury has he worked or attempted to work. Dr. Brown testified on both hearings. On the first hearing his statement was made of record by agreement. Therein it is disclosed that as a result of the accidental injury the respondent has a great deal of pain in his back, especially between the shoulder blades, pain in the left chest and weakness in the left arm accompanied with inability to bend over and reach after the slightest object; that respondent also complains of inability to breathe deeply, and on inspiration the pain is most severe; that the sixth and seventh dorsal vertebrae are very pronounced, causing marked kyphosis; that this area is quite tender to palpitation and bending over causes severe pain; that stiffness of these joints is quite evident with some muscle spasm, and that the angulation of these dorsal vertebrae appears to be entirely posterior; that an X-ray showed marked destruction of the bones of what appears to be the sixth dorsal vertebra, producing wedge-shaped deformity of both; that there also appears to be practically complete destruction of the articular cartilage; that the joint surface between the two vertebrae cannot be demonstrated; that there is some posterior and practically no lateral angulation; that there appears to be a Potts abscess in this region; that all this is caused by the accidental injury of the 16th day of May, 1931, and the respondent has a 50 per cent. permanent disability.

On February 2, 1938, this witness testified that he examined the respondent on January 5, 1938; that he found from additional X-rays that the kyphotic angle in the region of the sixth and seventh vertebrae is now acute; that the kyphotic angle of 150 degrees was 120 on February 5, 1935, and is 90 degrees now. This somewhat technical language was explained to mean that there has been a change in the physical condition in this area of the back; that definite destructive process has continued to make this physical change so that the seventh vertebra is almost completely gone, and that by reason thereof the respondent is unable to perform any manual labor and is totally and permanently disabled, and that such disability is the result of the accidental injury of May 16, 1931.

This is competent evidence upon which to base an award for total and permanent disability. J. B. Barnes Drilling Co. v. West, supra; Texas Co. v. Roberts, 146 Okla. 140, 294 P. 180; Oklahoma Hospital v. Brown, 87 Okla. 46, 208 P. 785; Fain Drilling Co. v. Deatherage, 179 Okla. 409, 65 P.2d 1212.

The award is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, CORN, and DAVISON, JJ., concur.