WARDEN-PULLEN COAL CO. v. CAIN et al.

No. 29695. Jan. 21, 1941.

*109 P. 2d 487.*

J. W. Hinton, of Oklahoma City, and G. L. Bynum, of Henryetta, for petitioner.

Anton Koch, of Henryetta, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding to review an award in favor of Charles Cain, hereafter called respondent, against the petitioner, Warden-Pullen Coal Company.

On the 22nd day of February, 1932, the respondent filed his first notice of injury and claim for compensation, alleging that on the 18th day of December, 1931, he sustained an accidental injury to his back, ribs, chest, and neck while employed as a coal miner in the mines of petitioner at Henryetta, Okla. On the 20th day of November, 1939, the State Industrial Commission entered an award finding that he sustained an accidental injury on December 18, 1931; that he had been paid temporary total disability of 62 weeks and permanent partial disability for 300 weeks, after which he became permanently and totally disabled, and awarded the present award of 500 weeks less the payments heretofore made.

The date of the last prior award for permanent partial disability was the 6th day of July, 1933. Dr. Love examined the respondent and testified that there had been a change in the condition after the date of the last award, and that as a result of such change respondent is now totally and permanently disabled, and the State Industrial Commission fixed May 27, 1939, as the date of the change in condition. The sole issue presented is that there is no evidence of a change in condition on May 27, 1939, and this issue is presented in three specifications of error. If there is competent evidence reasonably tending to support the finding of change in condition after the effective date of the last prior award, the State Industrial Commission was authorized to find from such evidence the date at which the change in condition occurred.

The petitioner complains that there is no evidence of a loss of earning power or a decrease in earning capacity. In Board of Com'rs of Oklahoma County v. State Industrial Commission, 184 Okla. 133, 85 P. 2d 396, we held that an award for permanent total disability was made under subdivision 1 of section 13356, O. S. 1931, 85 Okla. St. Ann. § 22, and that if there is competent evidence reasonably tending to support the finding that there has been a change in the physical condition from and after the date of the prior award and the change in condition results in permanent disability, and such condition is a result of the original injury, it is not necessary to show a decrease in earning capacity if the evidence reasonably supports the finding that he is permanently and totally disabled and unable to earn wages. There is competent evidence reasonably tending to support the finding that there was a change in physical condition after July 6, 1933, and that such change was due to the original injury, and that by reason thereof the respondent is totally and permanently disabled. This being the only issue presented and there being competent evidence to sustain the finding, the award is sustained.

WELCH, C. J., CORN, V. C. J., and BAYLESS, HURST, and DAVISON, JJ., concur.