BROOKS & DAHLGREN et al. v. PETTIGREW et al.

No. 31767. June 19, 1945.

*159 P. 2d 743.*

Mont R. Powell, T. D. Lyons, and L. B. Moore, all of Oklahoma City, for petitioners.

Claud Briggs, of Oklahoma City, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by Brooks & Dahlgren, hereinafter called petitioners, to review an award for permanent total disability made by the State Industrial Commission to R. S. Pettigrew, respondent. On August 24, 1935, respondent filed his first notice of injury and claim for compensation stating that on August 2, 1935, he sustained an accidental injury arising out of and in the course of his employment with the petitioner when a piece of machinery on which he was working struck him in the face injuring his face, left shoulder, neck and head.

Voluntary payment was made by the petitioner on form 21 until final order on April 6, 1937, adjudicating the permanent partial disability to and including that date. On June 30, 1941, petitioner filed an application to discontinue payment for compensation on the ground that there had been a change in condition for the better, and on August 11, 1941, the commission denied this application, and the order made thereon became final.

On January 20, 1944, the respondent filed motion to reopen the case on the

ground of change of condition. After extensive hearings held herein on March 1, 1944, an award was made for permanent total disability. This proceeding is brought to review the latter award.

It is first argued that the award cannot be sustained for the reason that there is no date fixed since the prior order on August 11, 1941, by the State Industrial Commission on which the respondent sustained a change in condition. Respondent states that because petitioners appealed from the order entered August 11, 1941, and abandoned the appeal, the order never became final. No authority is cited in support of this proposition. The order of August 11, 1941, became final. Petitioners also point out that there is a statement that from and after April 6, 1937, and after August 11, 1941, the respondent sustained a change in condition, and argue in connection therewith that the award is based upon a confused finding of fact in this respect. We have repeatedly held that before an award can be justified on the ground of change of condition the evidence must support the finding that there was a change of condition from and after the date of the last prior award. Payne Drilling Co. v. Shoemake, 183 Okla. 10, 79 P. 2d 806; Olentine v. Calloway, 147 Okla. 137, 295 P. 608; Marland Production Co. v. Hogan, 146 Okla. 220, 294 P. 115.

If, therefore, there is any competent evidence reasonably tending to support the finding of the State Industrial Commission that after August 11, 1941, the date of the last prior award, there was any change in the physical condition of the respondent, and that by reason of such change of condition respondent is totally and permanently disabled, a finding as to any disability prior thereto would be mere surplusage. The evidence discloses that from and after the date of the injury the respondent performed little or no labor of any kind. His injuries were severe and the disability resulting therefrom is likewise serious and permanent. Dr. Margo testified that in the latter part of 1942 and the early part of 1943 respondent's present condition manifested itself and that by reason thereof he is now totally and permanently disabled. In Board of Com'rs, Oklahoma County, v. State Industrial Commission, 184 Okla. 133, 85 P. 2d 396, we discussed a similar fact situation and stated that where the record shows by competent evidence that an injured employee is totally and permanently disabled and there is no showing that he is earning or able to earn any wages at manual or mechanical labor, such award is supported by competent evidence and will not be disturbed. That an award for total and permanent disability is based upon 85 O. S. 1941 § 22, subd. 1, and that this is true whether the award is made for the first total disability or a total disability which arises upon a change of condition after the award has been made for permanent partial disability. See Evans-Wallower Lead Co. v. Dry, 178 Okla. 48, 61 P. 2d 561, and Dennehy Construction Co. v. Kidd, 192 Okla. 463, 137 P. 2d 535.

In this connection it is argued that the award is not sustained by any competent evidence. As pointed out above the testimony of Dr. Margo alone will support the finding of the State Industrial Commission that there was a change in the physical condition after August 11, 1941. The testimony is in irreconcilable conflict. Where there is any competent evidence reasonably tending to support the finding of fact of the State Industrial Commission, this court will not disturb such finding. Magnolia Petroleum Co. v. Spoon, 155 Okla. 125, 8 P. 2d 61. An award under the Workmen's Compensation Law cannot be said to be conjectural or unsupported by evidence merely because the evidence upon which it was based might have justified a different finding. Rialto Mining Co. v. Yokum, 153 Okla. 297, 5 P. 2d 1065. The State Industrial Commission is at liberty to accept the evidence of expert medical witnesses upon the question of fact of the disability due to an accidental injury and is not bound by the greater number testifying thereon. Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P. 2d

847. We are of the opinion, and hold, that the finding that the respondent is totally and permanently disabled is supported by the evidence.

It is next argued that the State Industrial Commission erred in making an award for the reason that it purports to cover more than 500 weeks at $15.39 per week. In this connection it is argued that there is no allowance made for a physical disfigurement in the sum of $300. The award is not susceptible to such criticism. It makes an allowance for all amounts paid for the prior disability. We have held that 500 weeks is the limit allowed in compensation cases. Hamilton & Hartman v. Badgett, 164 Okla. 31, 22 P. 2d 350; Orth Kleifeker & Wallace v. Scott, 173 Okla. 448, 49 P. 2d 112. As pointed out by the respondent, this is a matter of mathematical calculation, and we apprehend that there will be no difficulty in the direction of this court that the award will be limited as provided by these holdings.

The award of the State Industrial Commission is sustained.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.