M. B. K. DRILLING CO. et al. v. MALASKI et al.

No. 31972.    June 25, 1946.

*170 P. 2d 245.*

G. A. Krueger, of Tulsa, for petitioners.

Harry Neuffer, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by M. B. K. Drilling Company and the Travelers Insurance Company, its insurance carrier, hereafter called petitioners, to review an award made to the respondent, Joe Malaski. On the 6th day of October, 1943, the respondent filed his first notice of injury and claim for compensation stating that while employed by the M. B. K. Drilling Company as a roughneck he sustained an accidental injury arising out of and in the course of his employment when he sustained a back injury on the 20th day of September, 1943, while lifting casing tongs.

On the 13th day of September, 1944, an award was entered for 200 weeks under the provisions of 85 O.S. 1941 § 22, based on the percentage of 500 weeks, or permanent total disability, and petitioners seek by this action to review the award.

The petitioners present the single issue that there is no competent evidence to sustain the finding of the State Industrial Commission. The rule many times stated in such cases is that the cause and extent of disability are questions of fact, and if there is any competent evidence reasonably tending to support the finding of the State Industrial Commission, an award based thereon will not be disturbed on review. Warden-Pullen Coal Co. v. Cain, 188 Okla. 357, 109 P. 2d 487; Nims & Frost v. Abner, 188 Okla. 356, 109 P. 2d 237.

The evidence discloses that respondent went to work for the M. B. K. Drilling Company and worked for them about six weeks; that on the date of the accident he was working with three other employees; that he was standing on the floor of a rig assisting in running casing; that the tongs were violently

jerked so that he was thrown into a crouch or cramp that resulted in the back injury. Competent, qualified physicians gave it as their opinion that as a result of the accidental injury he suffered a disability and by reason thereof he is totally and permanently disabled. The State Industrial Commission found in making the award that in addition to any prior injury he had sustained a 40 per cent disability by reason of the accidental injury of October 6, 1943. The State Industrial Commission was apparently influenced by the testimony of the physicians called for petitioners who stated that respondent had a chronic back condition prior to his injury of September 20, 1943. It is immaterial that the finding is that the disability is in addition to any previous disability if the finding that he has a disability by reason of the accidental injury is supported by the evidence. Since the State Industrial Commission could have found from the evidence that the respondent was permanently and totally disabled (see, in this connection, Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P. 2d 847) the petitioners should not complain that the State Industrial Commission made an award for less than that authorized by the evidence. This is the single issue presented in the argument by petitioners.

Award sustained.

HURST, V.C.J., and RILEY, OSBORN, BAYLESS, and DAVISON, JJ., concur.