**STATE HIGHWAY DEPARTMENT and the State Insurance Fund, Petitioners,**

v.

**Verl J. RHINE and the State Industrial Court of the State of Oklahoma, Respondents.**

**No. 41524.**

Supreme Court of Oklahoma.

Feb. 15, 1966.

Sam Hill, Guy A. Secor, Oklahoma City, for petitioners.

B. E. Bill Harkey, Charles Nesbitt, Atty. Gen., Oklahoma City, for respondents.

BLACKBIRD, Justice.

On August 20, 1962, Verl J. Rhine, claimant, sustained an accidental injury to his back arising out of and in the course of his employment with the State Highway Department. On October 31, 1963, the State Industrial Court determined that claimant had sustained 35 per cent permanent partial disability to his body as a whole as a result of the accidental injury.

On August 11, 1964, claimant filed a motion to reopen his claim on the ground he

**550**

had suffered a change of condition for the worse since the order of October 31, 1963. On May 18, 1965, a trial judge of the Industrial Court found that since the order of October 31, 1963, claimant had suffered a change in condition for the worse in that he was now totally and permanently disabled and awarded him additional compensation.

State Highway Department and its insurance carrier, State Insurance Fund, who will be hereinafter referred to as petitioners, bring this original action for a review of the lower court's order and, for vacation of the same, advance the following three contentions:

1. "The Industrial Court erred in failing to make a finding relative to the date on which claimant's change of condition occurred."

2. "The Industrial Court's order should be vacated for the reason it is too indefinite and uncertain for judicial interpretation and omits a necessary finding."

3. "There is no competent medical evidence to support the order for change of condition resulting in permanent and total disability to claimant."

The contentions will be considered in the order presented.

■ The determination of a precise date at which a change of disability arises is necessary only to demonstrate that its occurrence is subsequent to the last prior award, and to prevent an allowance of benefits for a period included in the previous award. Wade Lahar Construction Co. v. Howell, Okl., 376 P.2d 221; Capitol Well Servicing Co. v. Levescy, Okl., 371 P.2d 905; Standard Brands v. Gregor, Okl., 328 P.2d 181.

■ Where, as here, the evidence is clear and undisputed that the change for which additional compensation was sought occurred after the last prior award, and the increased benefits allowed did not fall concurrently with those payable under the

prior award, the trial tribunal's failure to fix the precise date of the change will not be deemed to constitute error. Wade Lahar Construction Co. v. Howell, supra.

Petitioners urge that since the lower court did not fix the precise date when the change of condition occurred, they would be unable to determine how much compensation would have accrued to plaintiff in the event he prevailed herein.

■ Since the award was for total and permanent disability claimant would be entitled to the maximum of 500 weeks less the number of weeks that had been paid him under the prior award. The trial tribunal having found that there had been a change of condition since the last award, the additional benefits commence at the end of the compensatory period fixed in the prior award. Therefore the accrued weekly payments would be computed from that date.

Petitioners' second contention is that the lower court's order is too indefinite and uncertain for judicial interpretation in that it does not provide whether the awarded compensation is to be paid in weekly or monthly installments.

■ We think the order contemplates that the additional benefits are to be paid as in the prior order, that is in weekly installments because the order states that claimant is entitled to an additional "289 weeks."

The third contention of petitioners is that there is no competent medical evidence in the record to support the lower court's finding that claimant is totally and permanently disabled.

Dr. M testified for claimant by written report dated August 7, 1964. In said report he stated that he had examined claimant the first time on July 19, 1963, and in his opinion claimant "has had a change in his condition for the worse since my initial examination of July 19, 1963." After setting forth his findings from the examination on August 7, 1964, Dr. M states it is

further his opinion that claimant was then permanently and totally disabled.

Petitioners argue that this testimony is incompetent because claimant had had a prior injury to his back in 1954, that Dr. M did not know of this injury, therefore Dr. M's testimony was without probative value.

■ The record reveals that claimant suffered an injury to his coccyx in 1952, an injury to his back in 1954, and the injury to his back on August 20, 1962, from which this cause originated. All these injuries were prior to the order of October 31, 1963. That order was not appealed beyond the court en banc and has become final. Therefore, the sole question before the lower court was whether claimant had sustained a change of condition for the worse since the last prior order, to-wit: October 31, 1963. The question before this court on this review is whether there is competent medical evidence to support the Industrial Court's finding on that issue because this court is committed to the rule that the question of change of condition is a question of fact, and the decision of the State Industrial Court is final as to all questions of fact, and where there is any competent evidence reasonably tending to support the same it will not be disturbed on review. Hays v. National Zinc Co., Okl., 395 P.2d 580; Barnard v. Public Service Co., Okl., 394 P.2d 534; Douglas v. Okmar Oil Co., Okl., 383 P.2d 681; General Acc. Fire & Life Assur. Corp. v. Mowry, Okl., 262 P.2d 421.

■ The testimony of Dr. M is competent evidence and amply supports the lower court's finding that claimant has sustained a change of condition for the worse since the order of October 31, 1963.

The award is sustained.

HALLEY, C. J., and DAVISON, WILLIAMS, BERRY and HODGES, JJ., concur.

JACKSON, V. C. J., and IRWIN, J., dissent.