GREGORY AND GREGORY CONSTRUC-
TION COMPANY and the Aetna Casualty
and Surety Company, Petitioners,

v.

Thomas W. NAYLOR and the State Indus-
trial Court, Respondents.

No. 43263.

Supreme Court of Oklahoma.

Sept. 23, 1969.

Whitten & McDaniel, Tulsa, for petition-
ers.

Marx Childers, Oklahoma City, G. T.
Blankenship, Atty. Gen., for respondents.

BERRY, Vice Chief Justice.

While performing construction work for
respondents on October 18, 1967, claimant
received an injury to his back. Form 3
claim for compensation was filed November
15, 1967, in which claimant specified prior
injury which occurred in 1966. After hear-
ing, the trial judge entered an order award-
ing claimant compensation for temporary
total disability, medical expenses, and 12%
permanent partial disability to the body as
a whole. On appeal to the Industrial
Court en banc this order was affirmed.

Claimant testified he was lifting and roll-
ing a wheelbarrow of wet cement when
struck by a low pain below the belt line,
which went all the way down to the toes.
This was reported to respondent, who
refused to send claimant to a doctor.
Claimant then went to Dr. P who prescribed
medication and recommended hospitaliza-
tion. At the time of hearing claimant still
was under Dr. P's care, suffered from back
pain, and was unable to work.

Dr. M examined claimant May 24, 1968, at his request and upon advice of his attorney. The written medical report stated:

"I feel that due to the accident of October 8, 1967, this man has findings of nerve root irritation, due I feel to a lumbar disc injury. It is my opinion this patient has, due to the accident as described above, a 35% permanent partial disability to the body as a whole for the performance of ordinary manual labor."

A supplemental report was filed by Dr. M fixing May 24, 1968, as date of termination of temporary total.

The opinion of Dr. S, who examined claimant at respondent's request on July 2, 1968, states:

"* * * There is a narrowing of the L5, S1 interspace with marginal esteophyte formation. AP projection revealed no other significant abnormalities.

"Initial impression: Degenerative disc disease, L5, S1 pre-existing with aggravation by lifting of a wheelbarrow of cement as described by the patient.

"It is my opinion that this patient has recovered sufficiently at this time to return to ordinary manual labor. The patient in view of repeated history of difficulty with his low back should certainly have job limitations. The patient in my opinion has sustained no permanent disability as a result of the back injury occurred in October of 1967, and at the present time has resolved to the point that supervised medical therapy is not indicated."

Respondents contend Dr. M's finding claimant sustained 35% disability to the body as a whole is insufficient to sustain the award. It is argued when Dr. M examined claimant he was not advised claimant had suffered a prior back injury for which compensation had been awarded upon joint petition settlement. There was no reference made in Dr. M's report to prior disability.

■ Claimant's prior back injury was referred to in the notice and claim for compensation filed with the Industrial Court. This information, within knowledge of respondent's attorney, was furnished respondent's doctor at the time claimant was examined. At the trial respondent's attorney neither objected to admission of Dr. M's medical report nor requested the right to cross-examine the doctor. This failure constituted a waiver of any irregularity connected with Dr. M's medical examination.

In Tillery & Jones v. Sigler, Okl., 265 P.2d 484, the identical argument was made the medical testimony was insufficient to support an award because based upon an uncertain and inaccurate medical history. We reviewed several decisions which considered questions concerning inaccurate medical histories. However, in affirming the award, it was pointed out no evidence showed the claimed disability was due to either prior injury. And, nothing in the medical report tended to show the medical evaluation would have been different had the physician been advised of the prior injuries.

Also see Bill Pugh Motor Co. v. Clark, Okl., 259 P.2d 315, where lack of information concerning a prior back injury was held not to destroy probative value of a doctor's testimony concerning disability resulting from intervertebral disc injury.

■ Medical testimony above quoted discloses respondent's doctor found claimant was suffering from degenerative disc disease, aggravated by performance of work for which employed. The medical evidence concerning nature and extent of claimant's disability was conflicting. Where medical evidence is conflicting the credibility and weight to be given such testimony is for the trier of the facts. It is not within the province of this court to weigh conflicting evidence to determine preponderance thereof. In re Loague, Okl., 450 P.2d 492. When a finding of the State Industrial Court is supported by reasonable and competent evidence an award based upon such finding will not be disturbed on review. Yahola Sand & Gravel Co. v. Nutt, Okl., 451 P.2d 954.

Respondents further contend this order must be vacated for lack of competent medical testimony to support the finding of temporary total disability. Form 3 specified date of injury and attendance by Dr. P following respondents' refusal to send claimant to a physician. Claimant advised Dr. M concerning continued care from Dr. P following injury. In a supplemental report Dr. M stated temporary total disability ended May 24, 1968. Respondents' medical evidence fixed July 2, 1968, as the date upon which claimant was sufficiently recovered to perform ordinary manual labor. We are of the opinion this evidence is sufficient to support the determination of the fact of temporary total disability for the period fixed by the trial judge. Geary Milling & Elevator Co. v. Andis, Okl., 422 P.2d 466, 467; Frank & Sharp v. Whiting, Okl., 276 P.2d 759.

Award sustained.

IRWIN, C. J., and DAVISON, WILLIAMS, BLACKBIRD, JACKSON, HODGES and LAVENDER, JJ., concur.