**W. B. ALLEN and Tri-State Insurance Company, Petitioners,**

v.

**Vernon RUSSELL and the State Industrial Court, Respondents.**

**No. 43719.**

Supreme Court of Oklahoma.

July 21, 1970.

Robert E. Shelton, Robert W. Pittman, Savage, Gibson, Benefield & Shelton, Oklahoma City, for petitioners.

J. Clark Russell, Oklahoma City, G. T Blankenship, Atty. Gen., for respondents.

DAVISON, Justice.

There is involved here for review an award by a trial judge of the State Industrial Court, affirmed by the State In-

dustrial Court, sitting en banc, allowing the respondent, Vernon Russell, claimant below, permanent total disability for a heart disability. Parties will be referred to as they appeared before the State Industrial Court.

Claimant was employed by the respondent as a truck driver during the month of June, 1968. During a period of several days prior to June 13, 1968, claimant had been driving a truck almost continuously, without sufficient rest or sleep. On June 13, 1968, he sustained an attack at his home. He was transported by ambulance to a hospital. His disability was diagnosed as a myocardial infarction of the heart.

It is admitted that the claimant sustained a heart attack during the course of his hazardous employment as a truck driver while working for respondent.

The State Industrial Court on February 11, 1969, entered an order allowing the claimant temporary total compensation and requiring the respondent to furnish claimant with medical treatment. Respondent complied with the order, paid claimant's medical expenses and temporary compensation.

Claimant on May 1, 1969, filed a motion for a further hearing of the case. On June 18, 1969, the trial judge held a hearing for the purpose of determining the amount of claimant's permanent disability. On July 1, 1969, the court entered an award allowing the claimant total permanent compensation for 500 weeks less the amount paid as temporary compensation. The court held that claimant's temporary disability ended on April 26, 1969.

Respondent contends that the award is errorneous in that there is no evidence establishing a change in claimant's condition on April 26, 1969, citing Warden-Pullen Coal Co. v. Cain, 188 Okl. 357, 109 P.2d 487, and State Highway Department v. Rhine, Okl., 411 P.2d 548. The cases cited are not applicable to the facts presented here. In each of the cited cases claimant had secured an award for permanent partial disability and at a second hearing was

seeking an increase in the amount of permanent disability because of a change of condition for the worse, while in the present case an award had been entered for only temporary total disability, and claimant is here seeking an award for permanent disability after the period of temporary disability has ended.

■ We have held that where the previous award is for temporary total disability only, and the action before the court is to determine the amount of permanent partial disability, if any, it is unnecessary for claimant to establish a change of condition. Croxton & Bucklin v. Buchanan, 170 Okl. 170, 39 P.2d 91; Interstate Window Glass Co. v. Candler, 166 Okl. 59, 26 P.2d 198.

Respondent also contends that the award is not sustained by the evidence and is contrary to law.

Claimant testified: He has not returned to work since his heart attack on June 11, 1968, and is unable to work. He continues to sustain chest pains and takes nitroglycerin pills when the pain occurs. When he tries to do anything he has chest pains.

Dr. P examined the claimant on September 20, 1968, and again on March 13, 1969. His written report dated April 26, 1969, was submitted in evidence by the claimant. In his report dated April 26, 1969, Dr. P states:

"Based upon the history presented by this patient, review of the records from the office of Dr. Bledsoe and from the Veteran's Hospital, physical examination and laboratory studies, on two occasions, it is my opinion that Mr. Russell did, on or about June 11, 1968, develop an acute myocardial infarction. The myocardial infarction subsequently was complicated by a complete heart block. Later, as a result of the infarction and the heart block, he developed pulmonary emboli and a bilateral pleural effusion. He was successfully treated for these conditions at the Veteran's Hospital and by his local physician, Dr. Bledsoe, and at this time the condition appears to be at least the acute phase of it, under control.

History would indicate further, and it would be my opinion, that the myocardial infarction of June, 1968, was caused, aggravated and precipitated by unusually strenuous effort incident to his employment by the Allen Trucking Company of Chickasha, Oklahoma.

"In conclusion, it would be my opinion that he is totally and permanently disabled for the purpose of performing ordinary manual labor by reason of the above described on the job injuries."

Dr. E examined and treated the claimant at the request of the respondent. In his report dated June 4, 1969, Dr. E states:

"This man has a coronary atherosclerotic heart disease with intermittent angina pectoris and he has had past episodes of complete heart block with Adam Stokes attacks. He continues at this time to have a first degree AV block with a PR interval of 0.22 seconds. He continues to have pain in the chest on exertion and to have shortness of breath and to have episodes of dizziness about every other day.

"Mr. Russell will require continued attention because of his persistent problem and will need to take medication regularly and be seen at regular intervals. He is still temporarily totally disabled. It would be premature at this time to attempt to evaluate permanent disability."

■ The medical evidence concerning the nature and extent of claimant's disability is conflicting. The State Industrial Court as trier of the facts is the sole and ultimate arbitrator of the credibility of witnesses, be they lay or expert and the weight to be accorded their testimony. Gregory and Gregory Const. Co. v. Naylor, Okl., 460 P.2d 429; In re Loague, Okl., 450 P.2d 429; Lee Way Motor Freight, Inc. v. Highfill, Okl., 429 P.2d 748; Wade Lahar

Construction Co. v. Howell, Okl., 376 P.2d 221.

■ The award of the State Industrial Court is supported by reasonable and competent evidence and will not be disturbed by this court on review. Gregory and Gregory Const. Co. v. Naylor, supra; Board of County Com'rs of Tulsa County v. Parker, Okl., 451 P.2d 936; Flint Construction Company v. Downum, 444 P.2d 200.

■ Respondent further argues that there is no evidence as to when the change of claimant's condition from temporary total disability to total permanent disability occurred. The court found the change to have occurred on April 26, 1969, the date of Dr. P's report finding the claimant to be totally and permanently disabled. The award of 500 weeks allows the respondent credit for all amounts paid as temporary compensation. The precise date the change occurred is immaterial. State Highway Department v. Rhine, supra; Wade Lahar Construction Co. v. Howell, supra.

■ Respondent contends that its rights are prejudiced by the action of the court determining the period of temporary total disability thereby preventing the respondent from furnishing the additional medical treatment "and reduce the degree of disability." Respondent submitted no medical evidence indicating that claimant's physical condition would be improved by additional medical treatment. On the other hand the evidence sustains the findings of the court that claimant is totally and permanently disabled and that claimant's condition would not be improved by additional medical treatment.

Award sustained.

IRWIN, C. J., BERRY, V. C. J., and BLACKBIRD, JACKSON, HODGES, LAVENDER and McINERNEY, JJ., concur.